COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Alston
Argued by teleconference


DAIL W. BROWN, JR.

OPINION BY

v.        Record No. 2421-09-4                      JUDGE ROSSIE D. ALSTON, JR.
                                                    DECEMBER 21, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

James W. Hundley (Briglia Hundley Nuttall & Kay, P.C., on
briefs), for appellant.

Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Dail W. Brown, Jr. (appellant) appeals his conviction of murder in the first degree.

Appellant contends that the trial court erred in refusing to dismiss the prosecution against him,

maintaining the Commonwealth failed to bring the case to trial within the time limits prescribed

by Code §§ 19.2-241 and -243.  Finding no error, we affirm appellant's conviction.

I.  BACKGROUND

Appellant was convicted of murder in the first degree for the death of his father, which

occurred on September 27, 2006.  Because the procedural details of appellant's trial and their

timing are significant to the resolution of this appeal, we will state them in detail.

In order to facilitate an understanding of the facts, we provide the following table to

establish in chronological order the important events of the case, before stating them in more

detail:

| | |
|---|---|
| *September 29, 2006* | Appellant's father was killed. |
| *February 13, 2007* | Fairfax County Juvenile and Domestic Relations District Court found probable cause to try appellant for murder. |
| *March 14, 2007* | Appellant's initial trial date; the case was repeatedly continued, either by joint motion of appellant and the Commonwealth, or by motion of the Commonwealth to which appellant did not object. Eventually, a February 25, 2008 trial date was set. |
| *August 21, 2007* | Appellant charged with malicious wounding and unlawful wounding in an unrelated case. |
| *December 7, 2007* | The Fairfax County General District Court, which was presiding over appellant's preliminary hearing on the malicious wounding and unlawful wounding charges, found appellant incompetent to stand trial on the malicious wounding and unlawful wounding charges. |
| *February 1, 2008* | The Commonwealth filed a motion requesting the circuit court require appellant to state whether he intended to challenge his competency to stand trial on the scheduled trial date of February 25, 2008 on the charge of first-degree murder. |
| *February 8, 2008* | The circuit court found appellant incompetent to stand trial on the first-degree murder charge and ordered appellant committed to a hospital to be restored to competency. The circuit court removed the case from the February 25, 2008 trial docket and continued the case, without objection, to April 4, 2008. |
| *April 4, 2008* | Defense counsel reported to the circuit court that appellant had not yet been transported to a hospital for treatment because there were no beds available for him. The circuit court then continued the case without setting a definitive review date. |
| *October 10, 2008* | Dr. Rebecca Stredny, a clinical psychologist and Chief Forensic Coordinator of Central State Hospital, sent a letter and report concerning the wounding charges to the Fairfax County General District Court, which was presiding over appellant's preliminary hearing on the malicious wounding and unlawful wounding charges, opining that appellant had been restored and was competent to stand trial. |

| | |
|---|---|
| *October 31, 2008* | Dr. Stredny issued a report opining that appellant was competent to stand trial on the charge of first-degree murder. The report was accidentally sent to Fairfax County General District Court, the court presiding over appellant's malicious and unlawful wounding case, and not to the Fairfax County Circuit Court. The Fairfax County Circuit Court did not receive Dr. Stredny's report at that time. |
| *April 24, 2009* | Dr. Stredny wrote to the circuit court, noting that she had issued a report on October 31, 2008, which included her opinion that appellant was competent to stand trial on the charge of first-degree murder, but no action had been taken in the case. In response, the circuit court *sua sponte* set the matter for hearing on May 6, 2009. |
| *May 6, 2009* | The circuit court held a status hearing and received Dr. Stredny's report for the first time. Appellant filed a motion to dismiss the prosecution of the murder charge on statutory speedy trial grounds under Code §§ 19.2-241 and -243. |
| *June 25, 2009* | The circuit court held a hearing on appellant's motion. The circuit court denied the motion to dismiss the murder charge and ordered supplemental evaluation from Central State Hospital regarding appellant's competency to stand trial. |
| *July 10, 2009* | The circuit court found appellant competent to stand trial. |
| *July 13, 2009* | Appellant's trial began. |
| *July 21, 2009* | Appellant was convicted of first-degree murder. |

In more detail, the important procedural events were as follows:

On September 29, 2006, appellant was arrested in Columbus, Ohio, and charged with the murder of his father. He was ordered extradited to Virginia on November 11, 2006. On February 13, 2007, the Fairfax County Juvenile and Domestic Relations District Court found probable cause to try appellant for murder and referred the murder charge to the grand jury. The grand jury indicted appellant for murder on February 20, 2007, and a March 14, 2007 trial date was set. The trial was repeatedly continued, either by joint motion of appellant and the

Commonwealth, or by motion of the Commonwealth to which appellant did not object, and it was eventually set for trial on July 16, 2007. Thereafter, on June 12, 2007, appellant filed notice of his intent to present an insanity defense, and the case was continued to February 25, 2008.

While the instant murder charge against appellant was pending, appellant was charged with malicious wounding and unlawful wounding on August 21, 2007, in an unrelated case.[1] On November 9, 2007, the Fairfax County General District Court, in which a pending preliminary hearing on the malicious wounding and unlawful wounding charges was to be held, ordered appellant evaluated for competency to stand trial. On December 7, 2007, Dr. Michael L. Hendricks, a psychologist, diagnosed appellant with schizophrenia and opined that appellant was incompetent to stand trial. The Fairfax County General District Court issued an order referring appellant to Western State Hospital for treatment to restore his competency, pursuant to Code § 19.2-169.2. After Dr. Rebecca J. Lindsay, a physician in Western State Hospital's Department of Mental Health, Mental Retardation and Substance Abuse Services, issued a report concurring with Dr. Hendricks' assessment on January 1, 2008, appellant was returned to jail pending the outcome of a hearing to determine if he should be treated with medication over his objection.

On February 1, 2008, the Commonwealth filed a motion requesting the Fairfax County Circuit Court, the trial court in appellant's first-degree murder case, to require appellant to state whether he intended to challenge his competency to stand trial on the scheduled trial date of February 25, 2008 on the charge of first-degree murder. During a competency hearing in the circuit court on February 8, 2008, both defense counsel and the Commonwealth agreed that the circuit court should find appellant incompetent to stand trial on February 25, 2008, for the charge of first-degree murder, based on the evaluations from the malicious wounding and unlawful wounding case in the general district court. The circuit court found appellant incompetent to

---

[1] These charges are not the subject of this appeal.

stand trial and ordered appellant committed to a hospital to be restored to competency. The circuit court removed the case from the February 25, 2008 trial docket, as it did not believe appellant could be restored to competency by that date. It continued the case, without objection, to April 4, 2008. However, on April 4, 2008, defense counsel reported to the circuit court that appellant had not yet been transported to a hospital for treatment because there were no beds available for him. The circuit court then continued the case without setting a definitive review date, stating that it would revisit the issue of appellant's competency upon receipt of reports required by Code § 19.2-169.1(D) from Central State Hospital, where appellant was to be treated.

On October 10, 2008, Dr. Rebecca Stredny, a clinical psychologist and Chief Forensic Coordinator of Central State Hospital, sent a letter and report concerning the wounding charges to Judge Lorraine Nordlund of the Fairfax County General District Court,[2] who was presiding over appellant's preliminary hearing on the malicious wounding and unlawful wounding charges. Dr. Stredny opined that appellant had been restored and was competent to stand trial.

After defense counsel received Dr. Stredny's report, he wrote to her, noting that her evaluation pertained only to appellant's pending wounding charges in the Fairfax County General District Court, and not to the murder charge in the Fairfax County Circuit Court. Counsel asked Dr. Stredny to prepare an additional report for the Fairfax County Circuit Court. He copied the letter to the Commonwealth's Attorney and clerk of the Fairfax County General District Court.

Dr. Stredny issued her report on October 31, 2008, opining that appellant was competent to stand trial on the charge of first-degree murder. The report referenced the Fairfax County Circuit Court as the "Court of Jurisdiction" and Judge Klein, the judge presiding over appellant's

---

[2] Judge Nordlund has since been elevated to serve as a judge of the Fairfax Circuit Court.

- 5 -

first-degree murder case, as the trial judge. However, it was actually sent to the Fairfax County General District Court with a cover letter addressed to Judge Nordlund, the judge presiding over appellant's malicious and unlawful wounding case, and not to the Fairfax County Circuit Court and Judge Klein, as it should have been. The misaddressed cover letter and report was also sent to defense counsel and the Commonwealth's Attorney. Neither Judge Klein nor the Fairfax County Circuit Court received the letter or the report at that time.

Almost three months later, at the end of January 2009, Dr. Stredny called the clerk of the circuit court to see if a hearing had been scheduled in appellant's murder case. She also called defense counsel and the Commonwealth in both January and February 2009. When these calls did not resolve the matter, Dr. Stredny wrote to Judge Klein on April 24, 2009, noting that she had issued a report on October 31, 2008, which included her opinion that appellant was competent to stand trial. In response, the circuit court *sua sponte* set the matter for hearing on May 6, 2009.

At the May 6, 2009 status hearing, the circuit court received Dr. Stredny's report for the first time. The circuit court then asked both parties to state in writing their position with regard to appellant's competency to stand trial, including whether either party wished to have a hearing on the matter. Appellant filed a motion to dismiss the prosecution of the murder charge on statutory speedy trial grounds under Code §§ 19.2-241 and -243. In response to the circuit court's question of when both parties could be ready to try the case, defense counsel reiterated his objection to trial on speedy trial grounds and then informed the circuit court that the soonest he could be ready was in two months.

A hearing on appellant's motion was held on June 25, 2009. Appellant argued the speedy trial limitations period set forth in Code § 19.2-243 should not have been tolled between October 31, 2008, the date Dr. Stredny issued her second report regarding appellant's competence, and

- 6 -

May 6, 2009, when the report actually came to the circuit court's attention.[3] The circuit court

denied the motion to dismiss the murder charge and ordered supplemental evaluation from

Central State Hospital regarding appellant's competency to stand trial.

On July 10, 2009, the circuit court found appellant competent to stand trial. Appellant's

trial began on July 13, 2009, and he was convicted on July 21, 2009. This appeal followed.

II. ANALYSIS

A. Standard of Review

"[T]he burden of demonstrating that a delay in commencing trial is excused under Code

§ 19.2-243 lies upon the Commonwealth." Robinson v. Commonwealth, 28 Va. App. 148, 153,

502 S.E.2d 704, 706 (1998) (citations omitted). Proper assessment and determination of the

merits of a statutory speedy trial claim "involve a review of the whole record and a consideration

of the trial court orders in the context of the record that comes before" the court. Baity v.

Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (*en banc*). In its review, this

Court will give deference to the trial court's findings of fact, but review the trial court's

"statutory interpretations and legal conclusions *de novo*." Sink v. Commonwealth, 28 Va. App.

655, 658, 507 S.E.2d 670, 671 (1998).

B. Tolling of the Statutory Speedy Trial Limit under Code § 19.2-243

A preliminary hearing establishing probable cause to try appellant for first-degree

murder was held on February 13, 2007, and appellant was held continuously in custody

thereafter. Under Code § 19.2-243, appellant was entitled to be tried within five months of the

finding of probable cause. However, the running of this time limit is tolled by certain statutorily

_____

[3] At the hearing, the parties agreed that only the one month and one day period between appellant's preliminary hearing on February 13, 2007, and his original trial date of March 14, 2007, counted toward the five-month statutory speedy trial period and that the period was tolled as a result of all other continuances between March 14, 2007, and October 31, 2008.

prescribed circumstances, including when failure to try the accused was caused "[b]y his insanity or by reason of his confinement in a hospital for care and observation" or

> [b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance.

Code § 19.2-243.

Appellant and the Commonwealth agree that the one month and one day time period between appellant's preliminary hearing and initial trial date of March 14, 2007, counts toward the five-month statutory speedy trial period. Appellant and the Commonwealth agree that continuances granted from March 14, 2007, until February 25, 2008, tolled the statutory speedy trial time period. Furthermore, appellant and the Commonwealth agree that the statutory speedy trial time period was further tolled beginning on February 8, 2008, the date that the circuit court found appellant incompetent to stand trial. It is only the period of time between October 31, 2008, and July 10, 2009, that is in dispute.

In this regard, appellant argues the statutory speedy trial period was tolled by reason of appellant's "confinement in a hospital for care and observation," Code § 19.2-243, while the Commonwealth argues it was tolled because of a continuance granted

> on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth.

Id.

We hold that the statutory speedy trial period was tolled beginning February 8, 2008, under the exception in Code § 19.2-243 that provides for tolling in the event of a continuance

- 8 -

requested by the defendant, by joint motion, or by the Commonwealth without objection by the defendant. After finding appellant incompetent to stand trial, the circuit court ordered appellant's trial continued until April 4, 2008. On April 4, 2008, the circuit court ordered appellant's trial continued until appellant could be restored to competency. Appellant did not object to these continuances. Under Code § 19.2-243, these continuances toll the statutory speedy trial period. See Heath v. Commonwealth, 261 Va. 389, 392, 541 S.E.2d 906, 908 (2001) (rejecting appellant's argument that "his request for a psychiatric examination did not contain a request for a continuance and could not have tolled the statutory speedy trial period").

Because the date upon which appellant would be restored to competency was uncertain, the circuit court continued the case for an indeterminate period of time on April 4, 2008; it did not set a specific hearing date, but rather stated that it would await reports required by statute from Central State Hospital. Thus, the continuance granted by the circuit court lasted until the indeterminate date upon which the appellant would be restored to competency. See id. at 393, 541 S.E.2d at 908 ("When a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the five-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order.").

Because the statutory speedy trial period was tolled beginning on February 8, 2008, and April 4, 2008, so that appellant could be restored to competency, the question in this case is when this tolling period ended and the running of the statutory speedy trial time period began again. Appellant argues the tolling period ended on October 31, 2008, or "shortly thereafter," when Dr. Stredny issued her report opining that appellant was restored to competency. If appellant is correct, appellant's trial beginning on July 13, 2009, may exceed the five-month period specified by Code § 19.2-243. The Commonwealth argues that the tolling period did not end until July 10, 2009, when the circuit court declared appellant restored to competency. If the

Commonwealth is correct, appellant's July 13, 2009 trial is within the five-month statutory period.

Appellant advances two arguments in support of his position. First, he contends that for purposes of calculating the speedy trial time period, the tolling of the speedy trial statutory period ended on October 31, 2008, because, in appellant's view, appellant was found competent to stand trial beginning on that date, based on Dr. Stredny's report. In the alternative, appellant argues that the tolling of the statutory period should end at some time "shortly after" October 31, 2008, under the requirements of Code § 19.2-169.1(E). We will address each argument in turn.

C.  Appellant's Argument that the Running of the Statutory Speedy Trial Period
Resumed on October 31, 2008 Fails

Appellant argues that he was restored to competency on October 31, 2008, and thus the running of the statutory speedy trial period resumed on that date. Although Dr. Stredny issued her report *opining* that appellant was competent to stand trial on October 31, 2008, appellant was not legally restored to competency *until the circuit court found him competent to stand trial on July 10, 2009.* As a result, the tolling of the statutory speedy trial period continued until July 10, 2009.

Code § 19.2-169.1 governs the mechanism by which a criminal defendant is declared incompetent and restored to competency. It requires that a criminal defendant found incompetent be evaluated by "at least one psychiatrist or clinical psychologist who is qualified by training and experience in forensic evaluation" and that upon completion of the evaluation, the evaluators submit a report to the court and attorneys of record regarding the defendant's competency. Code § 19.2-169.1(A), (D). The statute then provides, "[a]fter receiving the [evaluator's] report . . . *the court* shall promptly determine whether the defendant is competent to stand trial." Code § 19.2-169.1(E) (emphasis added).

- 10 -

In interpreting a statute, a reviewing court must "'ascertain and give effect to the intention of the legislature,' which is usually self-evident from the statutory language. When the language in a statute is clear and unambiguous, [reviewing courts] apply the statute according to its plain language." Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv., Inc., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006) (internal citations omitted). Under the plain language of Code § 19.2-169.1(E), only the *court*, and not the evaluator, can determine whether a criminal defendant is restored to competency to stand trial. Thus, although Dr. Stredny's report opined that appellant was competent to stand trial on October 31, 2008, appellant was not restored to competency until the circuit court's ruling on July 10, 2009. Because the continuance continued until the date at which appellant was restored to competency, we hold that from February 8, 2008, until July 10, 2009, the statutory speedy trial period was tolled.

### D. Appellant's Argument that the Statutory Speedy Trial Period Resumed as a Result of Violations of Code § 19.2-169.1 Fails

Appellant argues that the statutory speedy trial period began to run again some time after October 31, 2008, but before July 10, 2009, because the circuit court violated the requirements of Code § 19.2-169.1(E) by failing to promptly determine appellant's competence after Dr. Stredny issued her October 31, 2008 report.

Code § 19.2-169.1(E) provides, in pertinent part, "After receiving the [evaluator's report concerning defendant's competency], the court shall *promptly* determine whether the defendant is competent to stand trial." (Emphasis added). The statute does not specify the time within which the court must determine the defendant's competency.

Appellant argues that because Dr. Stredny's report was issued on October 31, 2008, and sent to the court system of Virginia, albeit to the wrong court, the circuit court was obligated to determine appellant's competency promptly after that date. Because the circuit court failed to determine appellant's competency until July 10, 2009, over eight months after Dr. Stredny issued

her report, appellant contends that the circuit court violated Code § 19.2-169.1(E). As a result, appellant argues, this Court should find that the tolling of the statutory speedy trial period ended at the date after October 31, 2008, after which the circuit court's determination of appellant's competency was no longer "prompt" under Code § 19.2-169.1(E). Appellant does not give an exact date at which he believes the running of the statutory period should resume as a result of the circuit court's failure to promptly determine appellant's competency.

We hold that under the unique circumstances of this case, the circuit court did not violate the statutory mandate to promptly determine whether the appellant was competent to stand trial. We note that Code § 19.2-169.1(E) requires the court to promptly determine a defendant's competency to stand trial only after "*receiving*" the evaluator's report concerning a defendant's competency. The circuit court did not receive Dr. Stredny's report until the May 6, 2009 status hearing; thus, it would not have been possible for the court to rule on appellant's competency to stand trial before that date.

Furthermore, even assuming, *arguendo*, that the circuit court violated Code § 19.2-169.1(E), appellant's conclusion that the statutory speedy trial period begins to run again as a result of this violation does not follow. We find no Virginia decisions discussing the remedy for a violation of Code § 19.2-169.1(E). However, Code § 19.2-169.1(E) provides that a defendant or the Commonwealth may request a hearing on the defendant's competency to stand trial.[4] Thus, a defendant in appellant's position is not without a procedural remedy to compel

_____

[4] Moreover, if a trial court were to refuse to consider a defendant's competency or hold a hearing as required by Code § 19.2-169.1(E), other possible remedies, such as an order of mandamus, may be open to a defendant. See In re Commonwealth, 278 Va. 1, 22, 677 S.E.2d 236, 246 (2009) (stating that mandamus directed to an inferior court "may be appropriately used and is often used to compel courts to act where they refuse to act and ought to act . . ."). In addition, as may be the case herein, there may be strategic reasons a criminal defendant would not ask for a hearing under Code § 19.2-169.1(E). This Court will not interfere with a party's strategic choice in not pursuing certain theories of defense. See Fitzgerald v. Bass, 6 Va. App. 38, 58, 366 S.E.2d 615, 626 (1988) (stating that "'strategic choices made after thorough

- 12 -

the trial court to make a determination of his competency under Code § 19.2-169.1(E), in the event the trial court does not act promptly.  Furthermore, nothing in the language of Code §§ 19.2-169.1 or -243 suggests that the appropriate remedy for a violation of Code § 19.2-169.1 is the resumption of the running of the speedy trial period under Code § 19.2-243.  Moreover, we find no Virginia decisions in support of this proposition.  Because this proposition is without support in law, we decline to apply it here.

## III.  CONCLUSION

Under Code § 19.2-169.1, only the circuit court could restore appellant to competency to stand trial; thus, we hold that appellant was not restored to competency to stand trial until the circuit court so ruled on July 10, 2009.  Consequently, because the statutory speedy trial period was tolled under Code § 19.2-243 by a continuance until appellant was restored to competency to stand trial, the running of the statutory speedy trial period did not resume until July 10, 2009.  Appellant's trial began on July 13, 2009, a delay of only three days after the statutory speedy trial period resumed.  Therefore, we find that appellant was tried within the speedy trial period specified by Code § 19.2-243 and the circuit court did not err in refusing to dismiss the prosecution against him.  Accordingly, we affirm.

Affirmed.

investigation of law and facts relevant to plausible options are virtually unchallengeable'" (quoting Strickland v. Washington, 466 U.S. 668, 690 (1984)).