COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia

PUBLISHED

MARK FAREWELL

OPINION BY
v.      Record No. 1572-12-2        JUDGE GLEN A. HUFF
OCTOBER 22, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

(William W. S. Hendricks; Hendricks Law Office, PLLC, on
brief), for appellant. Appellant submitting on brief.

John W. Blanton, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Mark Farewell ("appellant") appeals his conviction of assault and battery of a law

enforcement officer, in violation of Code § 18.2-57. Following a jury trial in the Circuit Court of

the City of Charlottesville ("trial court"), appellant was sentenced to three years and nine months

in prison. On appeal, appellant contends that the trial court erred in denying his motion to

dismiss on speedy trial grounds. For the following reasons, we affirm the judgment of the trial

court.

I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc)

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed,

the evidence is as follows.

On September 2, 2011, Officer Hakeem Pedro ("Pedro"), with the Charlottesville Police Department, was called to investigate a disorderly conduct scene. When Pedro arrived in his police vehicle, he observed appellant and another man in an altercation. Pedro separated the two men, but appellant continued to act in a disruptive manner, both yelling and trying to charge at the other man while in Pedro's presence. Appellant also smelled of alcohol, had bloodshot eyes, and was slurring his words and acting unsteady on his feet. Pedro arrested appellant for public intoxication and placed him in the passenger side of the back seat of his police vehicle.

While being transported to the magistrate's office, appellant became increasingly agitated and began to yell and curse at Pedro. Appellant threatened to kill Pedro and also directed racial epithets at him. At some point during the transport, appellant leaned forward and spat on Pedro through a partition in the glass window separating the front seat from the back seat. Appellant subsequently was charged with assault and battery of a law enforcement officer.

A preliminary hearing was held on October 13, 2011, appellant was subsequently indicted by a grand jury on October 17, 2011, and, at appellant's request, a jury trial was set for March 1, 2012. On February 24, 2012, the trial court heard a motion from the public defender's office to withdraw as counsel and to permit appellant to proceed *pro se*. During the hearing, appellant expressed his dissatisfaction with the public defender's office, but when asked by the trial court if he wanted to keep the trial date and represent himself, appellant stated, "[n]o . . . I need a lawyer. I need a lawyer." Appellant acted in a disruptive manner during the hearing, including interrupting counsel and stating to the trial court that counsel had lied to him. The trial court ultimately granted the motion of the public defender's office and appointed new stand-by counsel, Mr. Hendricks, for appellant for the purpose of assisting appellant in preparing his defense.

The appointed counsel, however, was unable to appear on appellant's scheduled trial date of March 1, 2012, and appellant insisted that his trial occur on that date. Appellant went back and forth between stating that he would represent himself and indicating that he would allow an attorney to assist him. As a result, the trial court relieved the second appointed counsel from the case and, before the hearing concluded, told appellant that it would try to find new stand-by counsel before the trial occurred in a few days' time.

On February 24, 2012, the trial court appointed Richard A. Davis ("Davis") to serve as stand-by counsel for appellant. After meeting with appellant, Davis advised the trial court that Davis would be serving as trial counsel and that a continuance would be needed to allow adequate time for preparation. In response, the trial court requested that Davis prepare a continuance order and have appellant sign the order, and the trial court canceled the jury for March 1, 2012. When Davis and appellant appeared in the trial court on March 1, Davis indicated to the trial court that there was great confusion between him and appellant and that he had believed, based on his conversations with appellant in jail, that he was counsel of record for appellant as opposed to stand-by counsel. Davis stated that he had asked for the continuance based on his understanding that an attorney-client relationship had been established, but had since learned that appellant wanted to go forward with the trial on March 1.

The trial court responded by informing appellant that it already had canceled the jury for that day and continued the trial. The trial court also stated in a continuance order on March 2, 2012 that it had continued the trial until the next available date of March 27, 2012, explaining that "the reason we're not trying the case today is Mr. Davis had met with you, [and] had represented to the [c]ourt that you wished him to represent you . . . ." Appellant then interrupted the trial court and acted in a disruptive manner, insisting he was ready to try the case that day and that he did not know who Davis was. The trial court reiterated that it had already canceled the

- 3 -

jury and, thus, the case would have to be tried on the next available date on March 27. Before the hearing concluded, the trial court asked that appellant sign a waiver of counsel form, allowed Davis to withdraw as counsel, and stated that it would try to find a "back[-]up attorney" for appellant's jury trial on March 27.

On March 2, 2012, the trial court entered an order stating that appellant had waived his right to counsel and that the case had been continued until March 27 "on the motion of the defendant." The trial court subsequently appointed Christopher C. Graham ("Graham") to represent appellant. On March 26, 2012, Graham filed a motion to dismiss the indictment against appellant on the ground that the delay in trial violated appellant's rights under Code § 19.2-243, Virginia's speedy trial statute, the Sixth Amendment to the Constitution of the United States, and Article 1, § 8 of the Constitution of Virginia. Specifically, Graham argued that the delay in trial was neither caused by nor acquiesced to by appellant and that the speedy trial standards required the Commonwealth to prosecute appellant within five months of the preliminary hearing, in this case by March 13, 2012.[1] The trial in this case followed appellant's preliminary hearing by five months and fifteen days. Appellant claimed that Davis had no authority to request a continuance on appellant's behalf as he was merely "stand[-]by counsel." Accordingly, appellant asserts that no tolling occurred when the case was continued.

In response, the trial court stated that "[Davis] was stand[-]by counsel and then at some point he made an appearance as counsel of record" and that appellant "was upset and did not want the case continued, but at that time Mr. Davis was acting as counsel and speaking for

---

[1] Although appellant's motion to dismiss in the trial court was based, in part, on the speedy trial protections of the Sixth Amendment to the Constitution of the United States and Article 1, § 8 of the Constitution of Virginia, appellant's claim on appeal has been limited to protections afforded pursuant to Code § 19.2-243. Thus, we conduct no inquiry into whether the trial court considered the factors comprising a constitutional speedy trial analysis. Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004).

[appellant]." Graham replied that "it was my understanding that Mr. Davis was stand[-]by counsel." The trial court stated that "[h]e was initially and then he evolved into counsel of record . . . . [A]t that point the [c]ourt felt that counsel of record . . . speaks for [appellant] . . . ." The trial court denied the motion to dismiss and proceeded to trial, after which appellant was convicted of assault and battery of a law enforcement officer. This appeal followed.

## II. STANDARD OF REVIEW

"'[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth.'" Brown v. Commonwealth, 57 Va. App. 381, 389, 702 S.E.2d 582, 586 (2010) (alteration in original) (quoting Robinson v. Commonwealth, 28 Va. App. 148, 153, 502 S.E.2d 704, 706 (1998)). "Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court." Id. at 389-90, 702 S.E.2d at 586 (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (en banc)). "In its review, this Court will give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo*.'" Id. at 390, 702 S.E.2d at 586 (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)).

## III. ANALYSIS

On appeal, appellant contends that the trial court erred in denying his motion to dismiss on speedy trial grounds. Specifically, appellant argues that Davis never became counsel of record for the defense, and thus suggests that Davis's request for a continuance was not attributable to appellant as a cause for delay in trial. In response, the Commonwealth asserts that the trial court indicated its appointment of Davis through a written order, and thus Davis's request for a continuance was adequate to extend the speedy trial limit under Code § 19.2-243.

Code § 19.2-243 provides, in relevant part:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court.

>       \*       \*       \*       \*       \*       \*       \*

> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:

>       \*       \*       \*       \*       \*       \*       \*

> 4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth.

"The issue whether a defendant's statutory right to a speedy trial has been violated does not rest, even in part, on the existence of prejudice from any delay in his trial date, or on his failure to make an affirmative demand for a speedy trial." Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 681-82 (2004). "Instead, the statute, subject to the exceptions stated therein, focuses strictly on the length of time that has passed from the date of the defendant's preliminary hearing in the district court or, if there was no preliminary hearing, from the date of indictment or presentment in the [trial court]." Id. at 41, 591 S.E.2d at 682.

As indicated above, "[t]he protections granted in Code § 19.2-243 may be waived." Heath v. Commonwealth, 261 Va. 389, 393, 541 S.E.2d 906, 908 (2001) (citing Stephens v. Commonwealth, 225 Va. 224, 233-34, 301 S.E.2d 22, 27-28 (1983); Brooks v. Peyton, 210 Va. 318, 321, 171 S.E.2d 243, 246 (1969)). "When a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the five-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order." Id.

Although appellant now asserts on appeal that Davis was only "stand-by counsel," the trial court and Davis both reasonably believed that Davis was acting as counsel of record when he asked for a continuance in the case. Davis met with appellant several times to discuss the case and, based on their conversations, Davis believed appellant wished him to serve as counsel. Davis, acting as appellant's counsel, requested a continuance in order to prepare appellant's defense. The record indicates that, absent the continuance request, appellant's trial should have taken place on or before March 13, 2012 in order to comply with the five-month statutory limit of Code § 19.2-243. Regardless of Davis's status, appellant effectively tolled the provisions of the statute by requesting a continuance as reflected in the March 2, 2012 order. Accordingly, we hold that the trial court did not err in denying appellant's motion to dismiss on speedy trial grounds.

## IV. CONCLUSION

For the foregoing reasons, we hold that the trial court did not err in denying appellant's motion to dismiss on speedy trial grounds. Accordingly, we affirm the judgment of the trial court.

Affirmed.