COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


TERRY STINNIE

MEMORANDUM OPINION[*] BY
v.        Record No. 1719-16-1          JUDGE RICHARD Y. ATLEE, JR.
OCTOBER 3, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

F. Daniel Mazzio, III, Deputy Public Defender, for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


A jury found Terry Stinnie guilty of strangulation and domestic assault and battery.[1]  On

appeal, he argues that "[t]he trial court erred in denying [his] Motion to Dismiss because his

statutory right to a speedy trial, pursuant to Virginia Code § 19.2-243, was violated."  We

disagree, and affirm Stinnie's convictions.

I. BACKGROUND

"On appeal, 'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Farewell v. Commonwealth, 62 Va. App. 428, 430, 749 S.E.2d 197, 199 (2013) (quoting

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)).  A

grand jury returned direct indictments charging Stinnie with felony strangulation, in violation of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The same jury acquitted Stinnie of abduction and object sexual penetration.

Code § 18.2-51.6, and misdemeanor domestic assault and battery, in violation of Code § 18.2-57.2. Stinnie was arrested on March 11, 2015, and posted bond several weeks later.

By agreement, Stinnie and the Commonwealth selected May 29, 2015 for a bench trial. At a pre-trial conference on April 30, 2015, however, Stinnie requested a jury trial. Because of this request, the trial court moved the trial to the new date selected by the parties: July 9, 2015.[2] Stinnie later moved to continue the July 9, 2015 trial. The trial court granted Stinnie's motion and reset the trial, again by agreement, for January 27, 2016.

On January 25, 2016, Stinnie again moved to continue the trial, alleging that the Commonwealth had withheld exculpatory evidence. At a hearing on January 27, 2016, the trial court granted Stinnie's motion and continued the case to February 8, 2016 to "check status." Initially, the trial court declared that the delay would be charged to Stinnie because his attorney had been "dilatory" in his "pretrial investigation." After reviewing the withheld evidence, however, the trial court reconsidered and ruled that the delay would be charged instead to the Commonwealth "if it ever becomes an issue of speedy trial."

On February 8, 2016, Stinnie and the Commonwealth agreed to a new trial date of July 19, 2016. Stinnie's counsel said he was "not sure that this will at any point be an issue but . . . note[d] for the record that [Stinnie wa]s not waiving his speedy trial rights for the purpose of this continuance." The trial court's February 8, 2016 order declared that "[b]y agreement, this matter is set on July 19 and 20, 2016 at 9:00 o'clock A.M. for trial by jury."[3]

---

[2] Viewing the facts in the light most favorable to the Commonwealth, we infer that this change from a bench trial to a jury trial required the trial court to move the trial date to a day other than May 29, 2015. We also observe that Stinnie never requested that the jury trial occur on May 29, 2015.

[3] Although this order is not included in the appendix, it is part of the record transmitted to this Court. Per Rule 5A:25(h), we may consider documents included in the record but left out of the appendix. See Cabral v. Cabral, 62 Va. App. 600, 604 n.1, 751 S.E.2d 4, 7 n.1 (2013).

Before trial, Stinnie moved to dismiss the charges against him, asserting a violation of his right to a speedy trial, as guaranteed by Code § 19.2-243. The trial court denied the motion and ruled that, with respect to the two charges at issue in this appeal, Stinnie had waived his right to a speedy trial by agreeing to the trial date of July 19, 2016.[4] The case proceeded to trial on July 19, 2016, and the jury ultimately found Stinnie guilty of the two charges at issue in this appeal. As punishment, the jury recommended a total of $5,000 in fines. The trial court imposed the jury's recommendation, but suspended half of the fines for a period of five years provided Stinnie complied with certain conditions. Stinnie then noted his appeal.

## II. ANALYSIS

Determining the merits of a statutory speedy trial claim "'involve[s] a review of the whole record and a consideration of the trial court orders in the context of the record that come before' the court." Brown v. Commonwealth, 57 Va. App. 381, 389-90, 702 S.E.2d 582, 586 (2010) (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (*en banc*)). "In its review, this Court will give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo*.'" Id. at 390, 702 S.E.2d at 586 (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)).

---

[4] There are two species of statutory speedy trial waiver: "general" and "limited." When an accused makes a general waiver of his statutory speedy trial rights, "the accused foregoes his or her rights granted by Code § 19.2-243." Mitchell v. Commonwealth, 30 Va. App. 520, 528, 518 S.E.2d 330, 334 (1999). When an accused makes a limited waiver of those rights, he "foregoes the statutory protection for a specified period of time. Where a defendant moves for, or concurs in the continuance of a trial date, such action tolls the running of the speedy trial bar and that time is specifically excepted under the statute." Id. Although the trial court here did not specifically state that Stinnie made a limited waiver of his speedy trial rights, the circumstances show that this was, in fact, the trial court's ruling. Thus, the waiver found by the trial court applied only to the period between February 8, 2016 and July 19, 2016.

Code § 19.2-243 provides statutory protection of a criminal defendant's right to a speedy trial. It declares that an adult who, like Stinnie, has been arrested on outstanding indictments but has not been held continuously in custody thereafter "shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from" the date of his arrest. "The nine-month limitation 'translates to' at least 273 days." McCray v. Commonwealth, 44 Va. App. 334, 342, 605 S.E.2d 291, 294 (2004).

This 273-day deadline has exceptions. Specifically, the requirements of Code § 19.2-243 "shall not apply to such period of time as the failure to try the accused was caused . . . [b]y continuance granted on the motion of the accused or his counsel." Code § 19.2-243(4). Thus delays caused by Stinnie's motions to continue must be subtracted from the overall time elapsed between Stinnie's arrest and trial. Stinnie was arrested on March 11, 2015, and his trial began July 19, 2016. In total, 496 days elapsed between those dates.

For the reasons that follow, we find that at least 243 of those 496 days accrued as a result of Stinnie's motions to continue, and thus there was no violation of his statutory right to a speedy trial.

Stinnie was arrested on March 11, 2015 and later agreed to a May 29, 2015 bench trial. The 79 days between Stinnie's arrest and the initial trial date count against the Commonwealth, even though the trial date was set by agreement with Stinnie. See Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). But "[o]nce the initial trial date is set, every continuance postpones the trial date regardless of the reason for the continuance or the identity of the moving party." Howard v. Commonwealth, 281 Va. 455, 460, 706 S.E.2d 885, 888 (2011). Stinnie's later request to be tried by a jury required that his trial be moved from the date originally set, May 29, 2015, to a new date, July 9, 2015. Although neither Stinnie nor the trial court used the word "continuance" at the hearing when the May 29, 2015 trial date was moved,

the result was a continuance of that initial trial date to a later date. The continuance resulted in a 41-day delay, and such delay is chargeable to Stinnie. See Stinnie v. Commonwealth, 22 Va. App. 726, 729-30, 473 S.E.2d 83, 84-85 (1996) (*en banc*) (holding that delay granted to defendant for additional trial preparation after he dismissed his court-appointed counsel was chargeable to defendant because continuance was solely for defendant's benefit); see also Heath v. Commonwealth, 261 Va. 389, 393-94, 541 S.E.2d 906, 908-09 (2001) (holding that defendant's motion for psychiatric examination, including determination of competency, "implicitly requested the circuit court to continue the case" and tolled the speedy trial period because trial could not proceed until examination was completed).

In a recent unpublished order, the Supreme Court confronted a similar situation. In Perry v. Commonwealth,[5] No. 160530, 2017 Va. LEXIS 12 (Va. May 18, 2017), the defendant initially requested a bench trial, but later changed his mind and demanded a jury. He objected to any continuance of the pending trial. "The trial court granted the request for a jury trial but determined that a continuance was necessary to empanel a jury." Id. at *2. The trial court then set the case for trial by jury on a date outside the speedy trial period.[6] In its order affirming Perry's conviction and finding that no speedy trial violation occurred, the Supreme Court noted that "tolling applies not only to explicitly requested continuances but also continuances that are necessitated by other motions by or actions of the defendant" and "[d]elays necessitated by the defense are not attributable to the Commonwealth and thus cannot violate the statute." Id. at *6, *7. In Stinnie's case, as in Perry, Stinnie's request for a jury constituted an "'act which necessitated a slowdown of the judicial process,' and is fairly attributable to the defense." Id. at

---

[5] Although not binding authority, this order is nevertheless informative. See Rule 5A:1(f).

[6] Here, the new trial date of July 9, 2015 was still well within the speedy trial period.

*6 (quoting Stephens v. Commonwealth, 225 Va. 224, 233, 301 S.E.2d 22, 27 (1983)). The 41-day delay between the initial trial date and the subsequent trial date was the result of Stinnie's request for a jury, and thus is chargeable to Stinnie. For that reason, we subtract those 41 days from the total time between arrest and trial, or 496 days, leaving a total period of 455 days.

Stinnie concedes the delay of 202 days between July 9, 2015 and January 27, 2016 was the result of his motion to continue and was chargeable to him. Subtracting 202 from 455 leaves us with 253 days. Because this does not exceed the 273 days within which the Commonwealth was required to try Stinnie, we need not resolve whether the speedy trial clock was tolled during the 174-day period between January 27, 2016 and Stinnie's trial date of July 19, 2016. Assuming without deciding that all of that time was chargeable to the Commonwealth, Stinnie nevertheless was tried before the speedy trial deadline. As such, there was no violation of Stinnie's statutory right to a speedy trial.

### III. CONCLUSION

Because Stinnie's trial began before the statutory speedy trial deadline, we affirm his convictions.

Affirmed.