UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Bernhard and Senior Judge Humphreys
Argued by videoconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.      Record No. 0572-25-1      JUDGE ROBERT J. HUMPHREYS
SEPTEMBER 23, 2025

THOMAS E. RILEY


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jamilah D. LeCruise, Judge

Timothy J. Huffstutter, Assistant Attorney General (Jason S.
Miyares, Attorney General, on briefs), for appellant.

Kristin Paulding (7 Cities Law, on brief), for appellee.


In this pre-trial appeal pursuant to Code § 19.2-398(A)(1), [1] the Commonwealth contends

that the Norfolk circuit court erroneously granted Thomas Riley's motion to dismiss an

indictment for rape upon its finding that the Commonwealth violated Riley's statutory and

constitutional speedy trial rights.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1]      In a felony case a pretrial appeal from a circuit court may be taken
by the Commonwealth from . . . [a]n order of a circuit court
dismissing a warrant, information or indictment, or any count or
charge thereof on the ground that (i) the defendant was deprived of
a speedy trial in violation of the provisions of the Sixth
Amendment to the Constitution of the United States, Article I,
Section 8 of the Constitution of Virginia, or [Code] § 19.2-243
. . . .

Code § 19.2-398(A)(1).

BACKGROUND

On December 9, 2023, Riley was arrested on a warrant alleging that he committed rape "by having sexual intercourse with another when such act was accomplished through the use of the victim's mental incapacity or physical helplessness," in violation of Code § 18.2-61. On February 29, 2024, the General District Court of the City of Norfolk conducted a preliminary hearing and certified the charge to the grand jury.

On April 3, 2024, a Norfolk grand jury returned a true bill on the rape indictment and the next day Kevin Diamonstein, Esq., was appointed to represent Riley. By order of April 30, 2024, the Norfolk Circuit Court scheduled the matter on the court's docket for a July 24, 2024 bench trial. On May 21, 2024, the circuit court arraigned Riley and, at his request, substituted Kristin Paulding, Esq., in place of Diamonstein as court-appointed counsel. Without objection, the circuit court then continued the case to June 5, 2024, for control purposes because Riley requested a jury. On June 5, 2024, the circuit court entered an order continuing the case from July 24, 2024, to November 13, 2024, on Riley's motion. The reason given for the continuance was that Riley "was given a new attorney" and the matter "was previously set for a bench trial with previous counsel and now the defendant wants a jury trial."

The morning of trial on November 13, 2024, the Commonwealth moved to amend the indictment to assert that Riley committed rape by force, threat or intimidation rather than through the victim's mental incapacity or physical helplessness. The prosecutor explained that she realized on November 12, 2024, while preparing for trial that an amendment needed to be made and thus that she had "immediately" notified Paulding. On behalf of Riley, Paulding strenuously objected to the motion to amend. Paulding maintained that the matter was certified to the grand jury on an allegation that Riley committed the rape through the use of the victim's mental incapacity or physical helplessness and that she had spent five months preparing to defend the

charge against that particular theory of the case. Paulding argued that to allow the amendment on the morning of trial prejudiced her ability to effectively defend Riley because the amendment changed the "complete nature and character of the offense."

The Commonwealth disputed that the amendment changed the nature and character of the offense and reminded the circuit court that such amendments are permissible under Code § 19.2-231. The Commonwealth suggested that if Paulding was surprised by the amendment, the remedy was for the court to grant a continuance. Paulding agreed that if the court was inclined to grant the motion to amend the indictment, her remedy under Code § 19.2-231 was for a continuance, but she argued that being "forced" to continue because she was "not ready for the change to the [indictment]," was "unfair to [her] client at this point." For that reason, she asked the court to deny the motion to amend. The following exchange then occurred:

> The Court: . . . So if it's continued at this rate, you all are probably not going to get any dates until March or April based on the Court's calendar. Does this present another issue for the Commonwealth? I mean, the time would count against you as well, I think.
>
> [The Commonwealth]: Yes, it would.
>
> The Court: The time is going to count against the Commonwealth for a continuance request if you all are making this change at the last minute, although the preliminary hearing was in February. . . . It seems unfair to count the time against the defense if the Commonwealth made the change at the last minute even, though the preliminary hearing was in February. That's what I am saying. . . .
>
> [The Commonwealth]: Well, certainly, Judge, if the Court is not inclined to run the time against the defendant—because, again, the nature of the charges has not changed. The defense might have changed, but the charge has not changed. We don't feel that the time should run against the Commonwealth but against the defendant. If the Court is inclined to do so, certainly we would be outside of speedy trial, and the Commonwealth would have a different motion. The motion would be to nol-pros, and we would certainly reindict.

The Court: I haven't decided yet.  I was just wondering logistically what your proposal would be.  I think the issue is, if you amend the indictment and it doesn't change the elements, which it does sound like you are asking to change the elements, then it's unfair to ask the defense to proceed today.

[The Commonwealth]: But case law says you don't look at the change in the elements, but you look at the nature of the underlying offense and the actions of the defendant.  But I understand what the Court is saying.

Before the circuit court ruled on the motion to amend, Paulding stated,

if the Commonwealth does make a motion to nol-pros, I would argue this is not good cause.  I would argue that this has been a year in which we've been proceeding under one theory of the case until 4:45 yesterday.  That would not be good cause simply because they would have to amend the warrant and continue the matter.

The circuit court found, "the Commonwealth is entitled to make these amendments.  So I'm going to grant the Commonwealth's motion and note the defense's objection."  The Commonwealth then inquired if the court would run the time against the Commonwealth, and the circuit court responded, "I haven't decided that since no one has filed that motion."  In an apparent attempt to schedule the matter within speedy trial, the parties agreed to a January 2, 2025 trial date.  When the Commonwealth again inquired if the court would "be counting the time against the Commonwealth," the circuit court again responded, "I don't think I'm going to decide that now, but if you file a motion, we can discuss that."  Paulding then asked the court to recognize two witnesses for the January 2 trial date and requested that Riley be given a bond.  After hearing argument for bond and the Commonwealth's objection, the circuit court awarded Riley a $10,000 secured bond and the matter was concluded.

The circuit court entered a continuance order on November 13, 2024, continuing the trial from November 13, 2024, to January 2, 2025.  The order stated that the continuance was granted "on motion of to be determined by court [sic]" and found that the good cause for the continuance

- 4 -

was "the CW amended the indictment prior to the start of trial and defense counsel taken by surprise and needed a continuance b/c the change impacted their defense." The Commonwealth signed the order as seen and agreed, but Paulding signed the order as "objected to by defendant." Neither the Commonwealth nor Paulding filed a motion before January 2 seeking a ruling on whether the time would run against the Commonwealth or Riley, and the Commonwealth did not further move to nolle pros the charge. Moreover, Riley did not post bond and remained in jail.

In December 2024, the parties received an email stating that the circuit court could not conduct a jury trial on January 2, 2025, because it was grand jury day, so they needed to choose another date. On December 4, 2024, the circuit court entered a criminal continuance order continuing the trial to April 3, 2025. The order stated that the continuance request was made on motion of both parties, and Paulding signed the order "I ask for this." She did not expressly object to the continuance.

On March 14, 2025, Riley moved to dismiss the indictment on the basis that his "speedy trial rights under the U.S. Constitution, the Virginia Constitution and Virginia Section 19.2-243 were violated." The Commonwealth filed an objection. The court considered the motion before trial on April 3, 2025. The Commonwealth conceded that if the circuit court planned to run the time from November 13, 2024, to April 3, 2025, against the Commonwealth, then the speedy trial clock ran and the indictment should be dismissed. But the Commonwealth argued again, as it did at the hearing in November 2024, that the continuance should run against Riley because it was his request to continue the matter and not the Commonwealth's. The Commonwealth also reminded the circuit court that it made a motion to nolle pros the indictment if the circuit court intended to run the continuance against the Commonwealth. Upon consideration of the arguments, the circuit court ruled:

> Well, I do understand that the Commonwealth was able to make
> the amendment up until the verdict was returned. But looking at

the *Barker v. Wingo* case, it does appear that there was a lack of preparation. And I understand the Commonwealth, but it's clear that the timelines on the preliminary hearing, which was certified in the Indictment, there is a problem here. So I'm going to find that there's been a violation of the statutory and Constitutional speedy trial, and grant the Defense's motion.

The Commonwealth appeals.

## ANALYSIS

A criminal defendant has the right to a speedy trial under both the United States and Virginia Constitutions. *See* U.S. Const. amend. VI; Va. Const. art. 1, § 8.4. In Virginia, a criminal defendant also enjoys a statutory right to a speedy trial. *See* Code § 19.2-243. "[T]he statutory right to a speedy trial and the constitutional right to a speedy trial are separate, though related, rights that utilize different frameworks and focus on different elements." *Brown v. Commonwealth*, 75 Va. App. 388, 406 (2022). Virginia's speedy trial statute, Code § 19.2-243, reflects "a specific time limit within which an accused must be tried, absent tolling or other statutory exceptions," whereas "[t]he constitutional right to a speedy trial . . . is governed by a balancing test that is not tied inextricably to calendar dates." *Id.* at 406-07. We address each right in turn.

### I. Statutory Speedy Trial

"[A] statutory speedy trial challenge presents a mixed question of law and fact." *Ali v. Commonwealth*, 75 Va. App. 16, 29 (2022) (alteration in original) (quoting *Young v. Commonwealth*, 297 Va. 443, 450 (2019)). "[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth." *Farewell v. Commonwealth*, 62 Va. App. 428, 434 (2013) (alteration in original) (quoting *Brown v. Commonwealth*, 57 Va. App. 381, 389 (2010)). "Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court." *Brown*, 57

Va. App. at 389-90 (quoting *Baity v. Commonwealth*, 16 Va. App. 497, 503 (1993) (en banc)).

In conducting our review, we "give deference to the trial court's findings of fact," but we "review the trial court's 'statutory interpretations and legal conclusions *de novo.*'" *Farewell*, 62 Va. App. at 434 (quoting *Brown*, 57 Va. App. at 390).

Code § 19.2-243 provides in relevant part:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

The statute's five-month requirement equals "152 and a fraction of days." *Ballance v. Commonwealth*, 21 Va. App. 1, 6 (1995). Still, "[t]he five-month period provided for in Code § 19.2-243 is not absolute." *Young*, 297 Va. at 451. By its express terms, the statute does not apply "to such period of time as the failure to try the accused was caused . . . [b]y [a] continuance *granted on the motion of the accused or his counsel*, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth." Code § 19.2-243 (emphasis added). Indeed, "[t]he issue whether a defendant's statutory right to a speedy trial has been violated does not rest, even in part, on the existence of prejudice from any delay in his trial date, or on his failure to make an affirmative demand for a speedy trial." *Hudson v. Commonwealth*, 267 Va. 36, 41 (2004). "Instead, the statute, subject to the exceptions stated therein, focuses strictly on the length of time that has passed from the date of the defendant's preliminary hearing in the district court or, if there was no preliminary hearing, from the date of indictment or presentment in the circuit court." *Id.*

In this case, the general district court certified the charge to the grand jury on February 29, 2024. The case was initially scheduled for a bench trial on July 24, 2024. By order of June 5, 2024, upon Riley's request for a jury, the matter was continued to November 13, 2024. The

parties do not dispute that 97 days passed between the preliminary hearing and the entry of the June 5, 2024 order, or that that time is tolled against the Commonwealth. This left 55 days on the speedy trial clock. Riley also does not dispute that the time between June 5, 2024, and November 13, 2024, counts against him for purposes of speedy trial. Thus, when the parties appeared before the circuit court on November 13, 2024, 55 days still remained on the statutory speedy trial clock.

On November 13, 2024, the circuit court granted Riley's motion to continue under Code § 19.2-231, after the Commonwealth moved to amend the indictment on the morning of trial. Code § 19.2-231 provides:

> If there be any defect in form in any indictment, presentment or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment, presentment or information, at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged.

"This section is to be construed liberally." *Cantwell v. Commonwealth*, 2 Va. App. 606, 608 (1986). At the same time, "if the court finds that such amendment operates as a surprise to the accused, he shall be *entitled*, *upon request*, to a continuance of the case for a reasonable time." Code § 19.2-231 (emphasis added). Because Riley had prepared for trial on the assertion that he accomplished the rape through the use of the victim's mental incapacity or physical helplessness as stated in the original indictment, he objected to the amendment. By allowing the amendment, the circuit court implicitly determined that the amendment did not change the nature or character of the underlying offense, and that determination has not been further challenged by Riley. When the circuit court allowed the amendment, Riley sought a continuance as was his remedy under the statute and the circuit court granted that request. Thus, under the express terms and plain

language of Code §§ 19.2-231 and -243, Riley's November 13, 2024 continuance request was attributable to him and to that extent, tolled and extended the speedy trial deadline.

Nevertheless, Riley maintained in the circuit court, as he does in this Court, that because he was "forced" into asking for the continuance by the Commonwealth's failure to competently assess its case and properly prepare for trial, the time between the November 13, 2024 and April 3, 2025 trial dates should be attributed solely to the Commonwealth for purposes of speedy trial. Initially, the circuit court did not decide against which party the continuance would be tolled and suggested that it would consider the matter further only after the parties filed additional motions. The circuit court then granted Riley's oral request for a continuance and entered its November 13, 2024 order continuing the case to January 2, 2025, to which Riley noted a written objection. The continuance order does not state upon whose motion the continuance was granted and merely states that the court would make that determination later. After determining that January 2, 2025, was not a good day for the court, the parties rescheduled the trial for April 3, 2025.[2]

On April 3, Riley moved to dismiss the indictment, asserting that although he had asked for the continuance, *all* of the time between November 13, 2024, and April 3, 2025, should be attributable to the Commonwealth. The circuit court agreed and dismissed the indictment. That judgment was error. While the record reflects the justifiable frustration of both Riley and the circuit court that the prosecutor waited until the morning of trial to move for a significant

---

[2] On December 4, 2024, the circuit court entered an order "on motion of both" parties continuing the case from January 2, 2025, to April 3, 2025. "A court speaks through its written orders." *Cellucci v. Commonwealth*, 77 Va. App. 36, 51 (2023) (en banc). Riley signed that continuance order "I ask for this" and did not state an objection. Thus, it appears that when the parties appeared before the circuit court on April 3, 2025, to address Riley's motion to dismiss the indictment, there were still at least 34 days left on the speedy trial clock even if the time from November 13, 2024, to December 4, 2024, is attributable to the Commonwealth. The reason is that the clock starts with 152 and a fraction days. Ninety-seven days are subtracted for the period from the preliminary hearing on February 29, 2024, to Riley's request for a jury trial on June 5, 2024. And an additional 21 days are subtracted from the original November 13, 2024 trial date until the court's December 4, 2024 continuance order which Riley consented to.

amendment to the indictment, the fact remains that the language of the statute is clear and unambiguous. The circuit court simply had no authority under Code § 19.2-243 to run the time caused by Riley's continuance motion under Code § 19.2-231 against the Commonwealth. We acknowledge the fact that "[w]hether to grant a continuance is [usually] discretionary." *Tatusko v. Commonwealth*, 79 Va. App. 721, 731 (2024). But because the circuit court allowed the Commonwealth to amend its indictment, Riley was statutorily *entitled* to a continuance upon his claim of surprise. Thus, under the plain wording of Code § 19.2-231, the circuit court had no authority to deny him a continuance, and we find no provision in Code § 19.2-231, Code § 19.2-243, or any case law from either our Supreme Court or this Court, that would allow the circuit court to impute Riley's request for a continuance to a party that had not requested it.

In short, despite the circuit court's ire with the prosecutor for her lack of preparation in the months leading up to the morning of trial, the delay in the commencement of Riley's trial was caused by the continuance to which Riley was statutorily entitled. Thus, as of April 3, 2025, 55 days still remained on the speedy trial clock. The circuit court therefore erred in finding, at the time it rendered its ruling, that Riley's statutory right to a speedy trial under Code § 19.2-243 had elapsed.

## II. Constitutional Speedy Trial

"The right to a speedy trial 'is as fundamental as any of the rights secured by the Sixth Amendment' of the U.S. Constitution." *Ali*, 75 Va. App. at 34 (quoting *Beachem v. Commonwealth*, 10 Va. App. 124, 130 (1990)). "Nonetheless, the right is 'necessarily relative' and 'does not preclude the rights of public justice.'" *Id.* (quoting *Beachem*, 10 Va. App. at 130). A "balance must be maintained to properly protect the interests of all parties involved." *Beachem*, 10 Va. App. at 130. "This analysis is sometimes 'consistent with delays.'" *Barker v. Wingo*, 407 U.S. 514, 522 (1972) (quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905)).

- 10 -

The test for determining whether one's constitutional right to a speedy trial was violated "requires balancing four factors—the '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" *Ali*, 75 Va. App. at 34 (alteration in original) (quoting *Barker*, 407 U.S. at 530). "None of the four factors is either a necessary or sufficient predicate to the finding of a constitutional violation." *Kelley v. Commonwealth*, 17 Va. App. 540, 544 (1994). Instead, "they are related factors that 'must be considered together with such other circumstances as may be relevant.'" *Id.* (quoting *Barker*, 407 U.S. at 533). "These circumstances include the 'conduct of both the prosecution and the defendant.'" *Ali*, 75 Va. App. at 35 (quoting *Wallace v. Commonwealth*, 65 Va. App. 80, 97 (2015)). "On appeal, a defendant must establish that 'on balance,' the factors 'weigh in his favor.'" *Id.* (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)).

"The first factor requiring consideration under the *Barker* test is the length of the delay." *Brown*, 75 Va. App. at 407-08. "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. "The length of [the] delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of [each] case." *Kelley*, 17 Va. App. at 544-45 (alterations in original) (quoting *Barker*, 407 U.S. at 530-31). "A defendant must establish that, under the particular circumstances of his case, the length of the delay presumptively 'was so detrimental as to have endangered his right to a fair trial.'" *Id.* at 545 (quoting *Beachem*, 10 Va. App. at 131). "A delay that 'approaches one year' has been found to trigger a *Barker* inquiry." *Brown*, 75 Va. App. at 407 (quoting *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)). As we noted in *Brown*, in calculating whether the delay approaches one year, we do not consider defense approved motions for a continuance. *Id.* at 408.

In this case, Riley was arrested on December 9, 2023. The general district court held a preliminary hearing on February 29, 2024, and the grand jury indicted him on April 3, 2024. By order of April 30, 2024, the circuit court scheduled the matter on the court's docket for a July 24, 2024 bench trial. On May 21, 2024, the circuit court arraigned Riley and, at his request, substituted Kristin Paulding, Esq., as court-appointed counsel and continued the case to June 5, 2024, because Riley requested a jury. Our calculation indicates that 179 days passed between December 9, 2023, and June 5, 2024, and there is no doubt that those days were attributable to the Commonwealth for purposes of Riley's constitutional speedy trial claim. Moreover, he does not dispute that the time between June 5, 2024, and November 13, 2024, tolled the speedy trial clock where he obtained new counsel and asked for a jury trial. Thus, assuming without deciding that the remaining delay caused by the prosecutor's amendment of the indictment were attributed to the Commonwealth, the total delay in Riley's trial date attributable to the Commonwealth amounts to 320 days. Because that time period does not "approach one year," Riley has failed to show that the delay between his arrest and his trial date was "presumptively prejudicial."[3] *Kelley*, 17 Va. App. at 544. Thus, our analysis ends there.

Accordingly, the circuit court erred in finding that Riley's constitutional right to a speedy trial under both the United States and Virginia Constitutions was violated.

---

[3] Though we need not address the remaining *Barker* factors in deciding this case, for contextual purposes, we acknowledge that Riley timely asserted his right to a speedy trial by filing his motion to dismiss the indictment in March 2025 and regarding the final *Barker* factor, we note that Riley proffered no prejudice to him resulting from delaying the trial until April 3, 2025. Rather, his only assertion of prejudice to his case resulted from being unprepared to deal immediately with the amended indictment on November 13, 2024.

CONCLUSION

We conclude that the trial court erred by dismissing the indictment.  We therefore reverse

the circuit court's judgment and remand this matter for further proceedings consistent with this

opinion.

*Reversed and remanded.*