SENIOR JUSTICE WHITING
delivered the opinion of the Court.
The issues in this appeal of a criminal conviction are whether the Commonwealth violated either the five or the nine-month provisions of the following speedy trial statute:
Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.
*435 Code § 19.2-243.
After a preliminary hearing on August 4, 1992, the General District Court of Hanover County found probable cause to believe that Grover Robbs committed grand larceny. A grand jury later indicted Robbs, who was in custody, on that charge. Before his case was set for trial in the circuit court, Robbs filed a motion on October 6, 1992 to suppress part of the evidence. This motion was heard and overruled 20 days later.
Thereafter, the case was set for trial on a date within five months of the preliminary hearing. However, on the day before trial, the court sustained the Commonwealth’s motion for a continuance and the case was rescheduled for trial on February 17, 1993.
Several days later, the Commonwealth realized that Robbs had been continuously confined since his preliminary hearing and that the new trial date was more than five months from that hearing. Accordingly, the Commonwealth made a motion to release Robbs on a recognizance bond returnable on the trial date, which the trial court granted on December 14, 1992. Upon Robbs’s failure to appear on the trial date, a capias was issued for his arrest. On March 17, 1993, 26 days later, Robbs was arrested and thereafter confined until he was tried.
Subsequently, the trial court fixed Robbs’s grand larceny case for trial on June 7, 1993, more than nine months after the preliminary hearing. Prior to the trial date, Robbs filed a motion “to dismiss the charges against him” on the ground that he had been held in custody for more than five months after his preliminary hearing in violation of Code § 19.2-243. Robbs contended that in computing the five-month period, the additional time he was in custody after his arrest on the capias should be added to the time he was in custody prior to the first trial date. The trial court overruled Robbs’s motion and, following a jury trial, Robbs was convicted on the grand larceny charge and sentenced to eight years imprisonment.
On Robbs’s appeal to the Court of Appeals, he also argued that his trial was held beyond the nine-month period following his preliminary hearing, even after crediting the Commonwealth with the 26 days between the date he failed to appear before the trial court and the date he was arrested on the capias. The Commonwealth responded that the trial was held within the nine-month limitation period because it was entitled to an additional credit for the 20 days that elapsed between the date that Robbs filed his motion to suppress and the date the trial court ruled on that motion.
*436 The Court of Appeals affirmed the judgment of the trial court and Robbs appealed to this Court. We granted Robbs a delayed appeal, following our grant of a writ of habeas corpus.
We agree with the Court of Appeals and the Commonwealth that the five-month limitation does not apply in this case. If a statute is clear and unambiguous, we apply the words as written. Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Here, the five-month limitation would apply only if Robbs had been “continuously in custody,” and he had not been in continuous custody since his second arrest began a separate confinement.* Hence, we find no merit in Robbs’s contention regarding the alleged violation of the five-months limitation.
However, we agree with Robbs that the trial was held in violation of the nine-month limitation provision. If the 20-day period measured from the time Robbs made his motion to suppress until the time the trial court ruled on it caused a delay in setting the case for trial, that delay is attributable to Robbs and thus cannot be counted in computing the nine-month limitation period. The Commonwealth has the burden of showing that Robbs’s motion and the time taken by the trial court to rule thereon caused such a delay. Stephens v. Commonwealth, 225 Va. 224, 231-32, 301 S.E.2d 22, 26 (1983).
This record shows only that 20 days after the motion was filed, the trial court heard oral argument on the motion and immediately thereafter ruled orally. Nothing in the record shows that “the filing of the motion necessitated a slow-down of the judicial process,” Id. at 233, 301 S.E.2d at 26, because (1) the case had not yet been set for trial and the filing of Robbs’s motion did not necessitate a continuance of the trial date (as in Stephens) and (2) (unlike the situation in Stephens) the trial judge ruled immediately upon being presented with the motion and forthwith set the case for trial.
Since the record fails to show that the motion delayed the court in setting the case for trial, we conclude that the Court of Appeals erred in affirming the judgment. Accordingly, we will enter an order reversing the judgment, dismissing the indictment, and directing that Robbs be forever discharged from prosecution for the offense charged in the indictment.

Reversed and final judgment.

 Our decision makes it unnecessary to decide whether the second period of confinement was upon the capias, as the Commonwealth contends, or upon the original charge, as Robbs contends.