BENTON, Judge,
dissenting.
Prior to the entry of the July 13, 1992 continuance order, three and one-half months of the five month statutory speedy trial limitation had expired. See Code § 19.2-243. The continuance that Pemell Jefferson received pursuant to the July 13, 1992 order ended on June 1, 1995, the date the Supreme Court's mandate dismissing the appeal was received in the trial court. The July 1992 order did no more than execute the statutory provision that “the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section.” Code § 19.2-243. That provision tolls the time while the pretrial appeal is pending. See Johnson v. Commonwealth, 252 Va. 425, 430-31, 478 S.E.2d 539, 542 (1996) (Lacy, J., and Keenan, J., concurring).
When the mandate was received in the trial court, the appeal ended. After the mandate had been returned to the trial court, the appeal could not be said to have “delayed the court in setting the case for trial.” Robbs v. Commonwealth, 252 Va. 433, 436, 478 S.E.2d 699, 701 (1996). Moreover, “delay [that] is inherent in the orderly process of fixing a trial date *661 ... is necessarily included within or factored into the time limitations of ... Code section [19.2-243].” Baity v. Commonwealth, 16 Va.App. 497, 507, 431 S.E.2d 891, 897 (1993) (en banc). Because Jefferson merely waited for a trial date to be set after the resolution of his appeal, and did not actively cause the additional delay, the delay was factored into the five month period afforded the Commonwealth.
Thus, I would hold that the delay in the trial that occurred after June 1, 1995 was charged to the Commonwealth. Because the trial was not set to occur within the remaining one and one-half months, I would hold that the conviction must be vacated and that Jefferson is “forever discharged from prosecution.” Code § 19.2-243.