COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Fitzpatrick, Judges Elder and Annunziata
Argued at Chesapeake, Virginia


CURTIS SAM McCRAY, A/K/A
  CURTIS McCRAY
                                                                OPINION BY
v.        Record No. 2913-03-1                    JUDGE LARRY G. ELDER
                                                             NOVEMBER 23, 2004
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                              Glen A. Tyler, Judge

             Paul D. Merullo (Stephen C. Swain; Shuttleworth, Ruloff,
             Giordano & Swain, P.C., on brief), for appellant.

             Virginia B. Theisen, Assistant Attorney General (Jerry W. Kilgore,
             Attorney General, on brief), for appellee.


        Curtis Sam McCray (appellant) appeals from his three convictions for distributing

cocaine, entered on his conditional guilty pleas.  On appeal, he contends the convictions violated

his statutory speedy trial rights pursuant to Code § 19.2-243.  We hold appellant's statutory

speedy trial rights were not violated, and we affirm the convictions. [1]

_____

        [1] McCray also attempts to appeal the trial court's revocation of his probation for a prior
unrelated conviction.  The trial court revoked that probation in the same proceeding in which it
sentenced appellant for the three cocaine distribution convictions.  The court revoked his
probation based solely on the fact of appellant's cocaine distribution convictions, requiring him
"to serve the balance of th[e] term" on his "previous sentence of August 28, 2000."
        Appellant's notice of appeal included only the circuit court record numbers for his
cocaine distribution convictions and did not include a record number for the conviction to which
the probation revocation related.  Further, the record on appeal does not include a sentencing
order for the probation revocation and does not indicate the length of the sentence imposed.  The
sentencing order for the three cocaine distribution convictions indicates that those sentences are
to run concurrently with one another but "consecutive[ly] with CR00A00048-00."  However, the
record does not indicate to what conviction that record number refers.
        "[T]he failure to file a notice of appeal with the clerk of the trial court within 30 days
after entry of final judgment as required in Rule 5A:6(a) is jurisdictional[,] and . . . we have no

I.

BACKGROUND

On May 10, 2002, the grand jury indicted appellant for three counts of distributing cocaine. Appellant was arrested on the direct indictment on May 17, 2002, and incarcerated. By letter dated September 19, 2002, the Commonwealth's Attorney indicated the parties' agreement that appellant would "plead guilty on October 28, 2002." A copy of that letter was sent to the clerk of court, and it was marked "filed" on September 20, 2002.

The Commonwealth then realized that the date set for entry of the plea "was beyond the five months' period" of the speedy trial statute, Code § 19.2-243. Pursuant to the Commonwealth's request, appellant was released on his own recognizance on October 15, 2002, before the expiration of five months from the date of his arrest. Appellant failed to appear for trial on October 28, 2002, and the court issued a capias to show cause based on his failure to appear.

Appellant was arrested on the capias on February 19, 2003, and remained in custody. From February 19, 2003, until June 25, 2003, neither appellant's counsel nor the Commonwealth's Attorney was aware that appellant had been arrested and jailed. On that latter date, a probation officer "noted [appellant's] name on the wall at the jail and informed the Commonwealth's office." At some point, the Commonwealth's Attorney's secretary, Mrs. Mink, determined that the Commonwealth's Attorney's office had received a notice from the clerk's office that the capias had been served on appellant. The notice showed that appellant was

authority to extend the time under Rule 5A:3." Johnson v. Commonwealth, 1 Va. App. 510, 512, 339 S.E.2d 919, 920 (1986); see also Rule 5A:3 ("The time[] prescribed for filing the notice of appeal . . . [is] mandatory."). Because appellant's notice of appeal failed to include any reference whatsoever to the probation revocation proceeding, we lack jurisdiction to consider the revocation in this appeal.

Further, even if we had jurisdiction over this matter, we would dismiss because we affirm the underlying conviction on the merits.

"being held for a capias.  It didn't say being held for cocaine."  As a result, Mrs. Mink "just stuck it in the file."  Mrs. Mink "[didn't] remember the date" she received the notice but knew it was before the probation officer notified her of appellant's arrest on the capias.

On June 25, 2003, the same day the Commonwealth's Attorney's office learned from the probation officer that appellant was being held on the capias, Mrs. Mink called appellant's counsel and notified her that appellant was being held.  Mrs. Mink said, "We got to set a trial date," and she offered appellant's counsel "three or four" dates, "two or three of which were before the five months would run out."  Appellant's counsel "was not satisfied with any of the two or three dates that were before the speedy-trial date," and she agreed to July 29, 2003.  Neither party mentioned the speedy trial statute, and they did not discuss whether the date chosen was beyond the speedy trial limit for either the capias or the underlying offenses.

The Commonwealth's Attorney then sent appellant's counsel a letter, dated June 25, 2003, confirming that appellant would "plead guilty on July 29, 2003."  A copy of that letter was sent to the clerk of court, and it was stamped "filed" on June 26, 2003.

Appellant's counsel did not discuss the trial date with appellant before agreeing to it.  By letter of June 26, 2003, appellant's counsel notified appellant that trial had been set for July 29, 2003.  Appellant did not communicate with his attorney about that date until July 20, 2003, when he called her from the jail and told her he "was supposed to get out" because the speedy trial statute had run on July 19, 2003, five months from the date on which he was arrested and incarcerated on the capias.

Appellant's counsel then filed a motion to dismiss based on appellant's position that the speedy trial statute had run.  At the hearing on the motion, she argued "the whole issue in terms of the capias is . . . more clearcut.  There was not a trial set on the capias within five months of the capias . . . being served."  She also argued the cocaine distribution charges should be

- 3 -

dismissed because no trial was commenced within nine months of October 28, 2002, the date originally set for trial.

The Commonwealth argued that, from February 19, 2003, forward, appellant was being held on the capias rather than on the cocaine distribution charges. It argued in the alternative that, if the July 29, 2003 trial date was beyond the limits imposed by the speedy trial statute, it nevertheless did not violate the statute because appellant's counsel agreed to that date "before the speedy-trial time had passed." The Commonwealth's Attorney noted that the facts of appellant's case did not parallel those of most existing speedy trial decisions because, in most of the decided cases,

> the trial date [was] set by an order of the court. We have not followed that practice in Northampton County as long as I have been here. As the court has often said the Commonwealth's attorney sets the docket and it being a congenial jurisdiction has worked fine. I don't do it arbitrarily [or] . . . unilaterally . . . . What I do[,] I or my secretary calls the attorney for the defendant and we agree on a date. I send a letter confirming the date saying that if this does not comport with your understanding of the agreement, let me know[,] and I send a copy to the clerk, which is to say the court. Your Honor does not endorse anything. We just show up. In that [way] it is distinguishable from these other cases. The Supreme Court has not addressed this issue before . . . .

The trial court denied the motion to dismiss the distribution charges, ruling that

> a defendant cannot take advantage of that statute [by doing] things that the defendant did in this case. Number one, the defendant being incarcerated on an indictment for a felony, was in jail for a period of time and apparently released after four months and twenty-nine days specifically to prevent the failure of due process. That defendant cannot then when the trial date is set abscond and simply not show up and then be arrested on a capias and then sit silent in the jail without even so much as contacting his counsel and then expect to take advantage of the speedy-trial statute.

It dismissed the capias, noting "I routinely dismiss capiases once we get the person in custody. . . . We use the capias just to get ahold of them."

- 4 -

The court indicated it thought appellant should enter conditional guilty pleas because it "would like for the [speedy trial issue] to be decided.  It's a new thing under the statute."  It then arraigned appellant and accepted his conditional guilty pleas.

II.

ANALYSIS

Virginia's speedy trial statute provides in relevant part as follows:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held *continuously* in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.
>
> If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.
>
> If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon.

Code § 19.2-243 (emphasis added).  If an accused is not held *continuously* in custody, the nine-month period applies.  Robbs v. Commonwealth, 252 Va. 433, 436, 478 S.E.2d 699, 700 (1996).  The nine-month limitation "translates to" at least 273 days.  Cf. Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995) (holding that five-month period "translates to 152 and a fraction days").

The statute provides that it "shall not apply to such period of time as the failure to try the accused was caused," *inter alia*,

- 5 -

4.  By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance . . . .

Code § 19.2-243.  The statute makes clear that the actions of either "the accused *or his counsel*" may constitute a waiver of the accused's right to invoke the statute's time limitations.  Id. (emphasis added).

"[T]he exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are to be implied."  Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004).  In keeping with this principle, the Virginia Supreme Court has held that the failure to object to the court's fixing a trial date which is beyond the speedy trial limit, where no trial date has previously been set, is the functional equivalent of failing to object to a continuance requested by the Commonwealth that places the trial date beyond the speedy trial limit.  Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001) ("[D]efendant's failure to object to the court's action in fixing the [initial] trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)."); see also Commonwealth v. Hutchins, 260 Va. 293, 297, 533 S.E.2d 622, 625 (2000) (involving parties who "acquiesced" in initial trial date beyond the five-month period); Hudson v. Commonwealth, 39 Va. App. 240, 249, 572 S.E.2d 486, 490 (2002) (holding, based on Heath, that there is "no difference between a waiver of a defendant's right to be tried within the statutory period by agreeing to . . . a continuance beyond the time period permitted under the statute, and the defendant initially agreeing to . . . a trial date beyond the statutory period"), aff'd, 267 Va. 36, 591 S.E.2d 679 (2004) (quoting Court of Appeals' language and citing Hutchins to affirm on this point).  A defendant's "agreement to the original

- 6 -

trial date is . . . subject to the exception provided in Code § 19.2-243" even if "an order was not entered memorializing the trial date." Hudson, 267 Va. at 42, 591 S.E.2d at 682. "[T]he language of Code § 19.2-243 [does] not require that the circuit court enter an order specifying the trial date," and "[t]he court [is] free to memorialize the trial date by its chosen method . . . ." Id. (upholding court's method of "entering the [trial] date into the court's automated case management system"). When the triggering event occurs--such as when the defendant or his counsel agrees either to a continuance or to an original trial date outside the parameters of Code § 19.2-243 or fails to object to same--the statutory time limit is tolled. See, e.g., Hutchins, 260 Va. at 297-98, 533 S.E.2d at 625 (tolling statute from date of entry of order setting agreed trial date until date on which trial was scheduled).

Here, the speedy trial statute began to run on May 17, 2002, the date on which appellant was arrested for the instant offenses following his direct indictment. The parties subsequently agreed to a trial date of October 28, 2002. By letter addressed to appellant's counsel and stamped "filed" by the Northampton County clerk's office on September 20, 2002, before expiration of the five-month speedy trial limit, the Commonwealth's Attorney confirmed the parties' agreement to trial on that date. The record contains no indication that appellant registered any objection to the setting of this date or contended he did not join in agreeing to set trial for that date.[2]

---

[2] The trial judge remains ultimately responsible for setting and controlling the docket and ensuring that no speedy trial violations occur. See, e.g., Baker v. Commonwealth, 25 Va. App. 19, 24, 486 S.E.2d 111, 113-14, aff'd on reh'g en banc, 26 Va. App. 175, 493 S.E.2d 687 (1997).

> Only the trial court, not the Commonwealth's Attorney, has authority to schedule criminal cases for trial. Code § 19.2-241 provides that "[t]he judge of each circuit court shall fix a day of his court when the trial of criminal cases will commence, and may make such general or special order in reference thereto . . . ." This provision contemplates an orderly procedure for setting criminal cases and expressly places the control of that process under the

No requirement exists that a defendant "affirmatively" agree to a date for trial in writing or at a proceeding held on the record or that the trial court memorialize the date selected by entry of an order, as long as the record indicates the defendant agreed to the particular date or was notified of and took no steps to register an objection to that date. As the Supreme Court held in Hudson, "the language of Code § 19.2-243 [does] not require that the circuit court enter an order specifying the trial date," and "[t]he court [is] free to memorialize the trial date by its chosen method . . . ." Hudson, 267 Va. at 42, 591 S.E.2d at 682. Thus, the September 20, 2002 filing of the Commonwealth's Attorney's letter of September 19, 2002, by the clerk's office tolled the running of the speedy trial statute as of at least the date of filing. As of September 20, 2002, therefore, 126 days had elapsed for purposes of the speedy trial calculation.

Appellant was subsequently released from incarceration on bond on October 15, 2002. Because of this release, he was not held continuously in custody. Thus, the five-month limit of the statute ceased to apply, and the nine-month limitation came into play. See Robbs, 252 Va. at 436, 478 S.E.2d at 700 (involving accused who was released from custody prior to trial to avoid five-month statutory speedy trial limit and then absconded).

Appellant failed to appear for trial on October 28, 2002, which again tolled the speedy trial statute, and the trial court issued a capias based on his failure to appear. The statute remained tolled until at least the time of his arrest on the capias on February 19, 2003. We assume without deciding, for purposes of this appeal only, that the nine-month provision of the

---

supervision of the trial court, not a party litigant. The policy expressed in this provision recognizes the role of the trial judge in insuring the prompt disposition of criminal cases.

Williams v. Commonwealth, 2 Va. App. 566, 569, 347 S.E.2d 146, 148 (1986) (citation omitted).

speedy trial statute began to run again when appellant returned to the custody of the Commonwealth on February 19, 2003.[3]

The nine-month limit continued to run until the parties agreed on a new date for trial, at which time the statute was again tolled. No later than June 25, 2003, the parties agreed on a date of July 29, 2003 for trial. Mrs. Mink testified that she spoke to appellant's counsel by telephone on June 25, 2003, notified her that appellant was being held, and said, "We got to set a trial date." Mrs. Mink offered appellant's counsel "three or four" dates, "two or three of which were before the five months would run out." Appellant's counsel "was not satisfied with any of the . . . dates that were before the speedy-trial date," and she agreed to July 29, 2003. By letter of June 25, 2003, addressed to appellant's counsel and stamped "filed" by the clerk's office on June 26, 2003, the Commonwealth's Attorney confirmed the parties' agreement to trial on that date. The record contains no indication that appellant or his counsel registered any contemporaneous objection to the setting of this date or contended appellant did not join in agreeing to set trial for that date. Thus, Mrs. Mink's testimony regarding appellant's counsel's verbal agreement on June 25, 2003, to a trial date of July 29, 2003; the June 25, 2003 letter memorializing that conversation; and the June 26, 2003 filing of the Commonwealth's Attorney's letter of June 25, 2003, by the clerk's office served as evidence of appellant's affirmative agreement to a trial date outside the speedy trial time limit and tolled the running of the speedy trial statute as of at least the date of filing.

---

[3] We need not decide whether the period of time appellant was held on the capias *must* also be included in the speedy trial calculation for the underlying offenses because, assuming without deciding the period attributable to the capias was includable, the nine-month limit of the speedy trial statute was not violated. See Robbs, 252 Va. at 436 & n.*, 478 S.E.2d at 700 & n.* (also finding it unnecessary to decide whether arrest on capias following absconding on underlying charge was attributable to underlying charge for purposes of applying speedy trial statute because, even including period of time that may have been attributable to capias, nine-month time limit was not exceeded).

As of June 26, 2003, therefore, an additional 127 days had elapsed for purposes of the speedy trial calculation. When added to the 126 days attributed to the period of May 17 to September 20, 2002, the number of days relevant to the nine-month speedy trial limit totaled 253 days, which was well within the 273-day limit. Because appellant, through his counsel, agreed within the speedy trial time limit to set a date for trial that would otherwise have been outside the statutory limit, the statute was not violated.

Appellant contends the trial court erred in concluding that he could not "sit silent" after his arrest on the capias and "then expect to take advantage of the speedy-trial statute." Assuming without deciding this conclusion was error, we hold any such error was harmless under the facts of this case for two reasons. First, the remedy for violation of the statute is that the accused "shall be forever discharged from prosecution for such offense." Assuming the statute applied to the period of appellant's incarceration on the capias, the capias was used only to regain custody of appellant on the underlying distribution charges. Appellant was not convicted for any offense related to his failing to appear, and the court ultimately dismissed the capias. Thus, assuming a violation of the five-month portion of the statute as to the capias, appellant has already received the only remedy to which the statute would have entitled him.

Second, as we ruled above, even assuming the time appellant was held on the capias was includable in the nine-month speedy trial calculation for the underlying distribution offenses, appellant's trial on those charges occurred within the nine months required by the statute, excluding the periods during which the statute was tolled by appellant's absconding and his attorney's agreeing to various dates for trial.

Thus, we hold the trial court's denial of appellant's motion to dismiss was not reversible error.

III.

For these reasons, we hold appellant's convictions did not violate the speedy trial statute, and we affirm.

<u>Affirmed.</u>