COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Haley
Argued at Richmond, Virginia


TOBY JAMES MITCHELL

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0748-10-2                JUDGE JAMES W. HALEY, JR.
                                                       DECEMBER 14, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
Richard S. Blanton, Judge

Thomas M. Jones (The Jones Law Firm, P.C., on brief), for
appellant.

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


I.  INTRODUCTION

Convicted of assault and battery, Toby James Mitchell argues his trial occurred in

violation of his speedy trial rights as provided in Code § 19.2-243.  We affirm.

II.  BACKGROUND

Given our resolution of this case, the relevant facts may be succinctly stated.

Mitchell was arrested on a charge of malicious wounding on December 1, 2008, and was

held without bail at all relevant times.  A general district court judge found probable cause at a

preliminary hearing on February 3, 2009.

Following a subsequent indictment by a grand jury, the trial court set the case for a bench

trial to be held on July 13, 2009.  No order was entered showing this date.  Instead, the

Commonwealth's Attorney mailed a letter dated April 28, 2009, to defense counsel informing

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

him of this date. The Commonwealth filed this letter with the court on April 29. The record contains no evidence of any objection by defense counsel to this trial date before July 13.

Additionally, by letter dated April 29, 2009, Mitchell personally wrote to the clerk of the court to request information on his trial date. The clerk's office responded on May 5, 2009, by sending Mitchell a copy of the letter from the Commonwealth's Attorney filed with the court.

On July 13, the parties appeared in court and the defense requested a jury trial. The court entered an order continuing the case for a jury trial. On November 23, 2009, defense counsel orally moved to dismiss the charge for violation of Mitchell's speedy trial rights. The basis of the motion was that under Code § 19.2-243, a defendant continuously held in custody must be tried within five months of the February 3, 2009 preliminary hearing and the initial July 13 trial date fell outside this time frame. The court denied the motion.

The Commonwealth later amended the indictment to the lesser-included offense of assault and battery. After a trial by a jury, Mitchell was convicted. He now appeals.

III. ANALYSIS

Mitchell argues that he was not tried within five months of his preliminary hearing on February 3, 2009, as required by Code § 19.2-243. We note his argument only concerns the time period until July 13, 2009. As we hold Mitchell acquiesced in the July 13 trial date, we find no speedy trial violation.

Code § 19.2-243(4) provides the time limits for speedy trial purposes do not apply in the following circumstances:

> By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

"The defendant's failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)."  Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001).  Failing to make an objection "to the court's fixing a trial date which is beyond the speedy trial time limit, where no trial date has previously been set, is the functional equivalent of failing to object to a continuance requested by the Commonwealth that places the trial date beyond the speedy trial limit."  McCray v. Commonwealth, 44 Va. App. 334, 342-43, 605 S.E.2d 291, 295 (2004).

In this case, Mitchell did not object to the trial date of July 13, 2009, before that date.  Accordingly, Mitchell acquiesced in the trial date and waived speedy trial protections.[1]

Furthermore, his argument about how the trial court did not schedule the July 13 trial date by order is unpersuasive.  As our Supreme Court has held, "the language of Code § 19.2-243(4) did not require that the circuit court enter an order specifying the trial date.  Therefore, the court was free to memorialize the trial date by its chosen method . . . ."  Hudson v. Commonwealth, 267 Va. 36, 42, 591 S.E.2d 679, 682 (2004).  We stated in McCray:

> No requirement exists that a defendant "affirmatively" agree to a date for trial in writing or at a proceeding held on the record or that the trial court memorialize the date selected by entry of an order, as long as the record indicates the defendant agreed to the particular date or was notified of and took no steps to register an objection to that date.

---

[1] On July 13, counsel for Mitchell moved the court for a continuance.  That day, counsel signed an order granting that motion which recited that Mitchell "fully understands that a motion for continuance . . . constitutes a waiver of his speedy trial rights."

In Mitchell v. Commonwealth, 30 Va. App. 520, 529, 518 S.E.2d 330, 334 (1999), this Court held:  "A general waiver bars the defendant from raising a statutory speedy trial claim regarding any delay accrued before the waiver is revoked, if at all."

On brief and in oral argument, the Commonwealth asserts this principle as a basis alternative to acquiescence for affirmance.  Since we affirm on acquiescence, we do not address the alternative argument.

44 Va. App. at 344, 605 S.E.2d at 295-96.  Apparently, the court's method here was to set a date, have the Commonwealth notify defense counsel by letter, and ask the Commonwealth to file the letter with the court.  The Commonwealth notified defense counsel of the July 13 trial date by letter dated April 28, 2009, and the letter was filed with the court on April 29.  Moreover, the clerk sent a letter to Mitchell personally advising him of the trial date on May 5, 2009.  There is no contention that the defense lacked notice of the trial date.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>