UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Alston and Senior Judge Felton
Argued at Alexandria, Virginia

CHRISTOPHER SCOTT WEBERG

MEMORANDUM OPINION[*] BY
v.     Record No. 1327-14-4     JUDGE WALTER S. FELTON, JR.
DECEMBER 15, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
Clifford L. Athey, Jr., Judge

Matt Beyrau (J. David Black; Harrison & Johnston, PLC, on brief),
for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Christopher Scott Weberg ("appellant") appeals his convictions of forty-six counts of

possession of child pornography. On appeal, appellant argues that the trial court erred by not

dismissing those charges for failure of the Commonwealth to prosecute them within the time

required by Virginia's speedy trial statute, Code § 19.2-243. For the following reasons, we

affirm the convictions.

BACKGROUND

Appellant was indicted on fifty-four counts of possession of child pornography on March

5, 2009. He was not present in person or by counsel when the indictments were handed down.

The trial court issued a capias for his arrest. Appellant was arrested on that capias on April 1,

2009. He was released on bond and was permitted to return to Alaska. Appellant moved to

continue the scheduled trial on the indictments. He specifically "waive[d] the right to a speedy

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

trial freely and voluntarily." Between the date of this initial arrest on March 5, 2009, and a scheduled hearing on March 21, 2013 on his motion to suppress evidence, appellant repeatedly requested continuances and waived his speedy trial rights. The Commonwealth requested two continuances to which appellant did not object.

When appellant did not appear for the March 21, 2013 suppression hearing, the trial court issued a capias for his arrest. On August 14, 2013 appellant was arrested on the capias and denied bail. He was held in custody on the original fifty-four counts of possession of obscene material charged in the March 5, 2009 indictments.

On August 19, 2013, appellant and the Commonwealth jointly moved to continue the trial to August 23, 2013. On August 23, 2013, the trial court continued the trial to December 5, 2013, on appellant's motion. Appellant expressly waived his speedy trial rights for that period. On December 5, 2013, the trial court continued the trial to January 31, 2014 to hear appellant's motion to suppress certain of the Commonwealth's evidence.[1] On December 5, 2013, the trial court scheduled appellant's trial to begin February 26, 2014. The relevant order indicates appellant did not waive his speedy trial rights.

On January 31, 2014, the trial court heard argument on appellant's motion to suppress. It withheld ruling on that motion and continued the trial to February 20, 2014 for further hearing on appellant's motion.

On February 25, 2014, the day before the scheduled trial date, appellant's counsel moved to withdraw and moved for a continuance. The trial court denied the motion to withdraw and appointed co-counsel. Although the trial court initially denied appellant's motion for a continuance, it nevertheless continued the case to April 28, 2014.

---

[1] Although the continuance order states that appellant did not waive his speedy trial rights, the continuance was requested by appellant.

- 2 -

On April 28, 2014, appellant moved to dismiss the indictments on statutory speedy trial grounds. He argued that he had been continuously held in custody following his August 14, 2013 arrest and was required to be tried within five months of that arrest.

The trial court denied the motion, finding that the nine-month speedy trial period applied and that even if the five-month period applied, appellant's trial commenced within the required time period.

ANALYSIS

STANDARD OF REVIEW

"[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth." Brown v. Commonwealth, 57 Va. App. 381, 389, 702 S.E.2d 582, 586 (2010) (quoting Robinson v. Commonwealth, 28 Va. App. 148, 153, 502 S.E.2d 704, 706 (1998)). "Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court." Id. at 389-90, 702 S.E.2d at 586 (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (*en banc*)). "In its review, this Court will give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo*.'" Id. at 390, 702 S.E.2d at 586 (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)).

STATUTORY SPEEDY TRIAL CLAIM

In pertinent part, Code § 19.2-243 provides:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held *continuously* in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his

- 3 -

appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.

(Emphasis added).

Appellant asserts that because he was continuously held in confinement following his second arrest, the five-month period applies. Citing Robbs v. Commonwealth, 252 Va. 433, 436, 478 S.E.2d 699, 700 (1996), appellant contends that

[i]f a defendant, during the pendency of a case, is out on bail and then later has his bond revoked and is incarcerated, then his arrest and confinement causes the five month limitation to come into play, beginning anew, at zero, on the date of his confinement.

He further contends that his trial did not commence until after the five-month speedy trial period expired. "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). In his brief, appellant appears to assert his trial commenced on day 153, the "fraction day." He reasons by his calculation that the "fraction day" equates to two hours. Accordingly, he asserts that his trial would have had to commence by 2:00 a.m. on that day. Appellant did not enter his plea of not guilty until after 11:00 a.m. on April 28, 2014. Under the speedy trial statute, "a trial is deemed commenced at the point when jeopardy would attach or when a plea of guilty or nolo contendere is tendered by the defendant." Code § 19.2-243. Appellant concludes under his formulation of a "fraction of a day," his trial commenced "9 hours and 7 minutes too late."

Because we conclude Code § 19.2-243's nine-month time period applies, we need not decide whether appellant's trial commenced within the five-month period.

Code § 19.2-243 provides, in pertinent part:

If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods,

- 4 -

> respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.
>
> If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon.

The record on appeal shows that appellant was indicted on March 5, 2009 but not arrested until April 1, 2009. Accordingly, the speedy trial period in this case began to run from April 1, 2009, the date of appellant's initial arrest on the indictments.

Appellant correctly notes that in Robbs, the Supreme Court found that the defendant's "second arrest began a separate confinement." Robbs, 252 Va. at 436, 478 S.E.2d at 700. However, his assertion that "at the time of his second arrest, the five month limitation began to run anew, starting over at zero" is not supported by the holding in Robbs. In Robbs, the Court specifically found that the nine-month period applied from the date of the defendant's initial preliminary hearing at which probable cause was found because he had not "been 'continuously in custody,' . . . since his second arrest began a separate confinement." Id. Robbs stands for the proposition that when an accused has been released following his arrest, he is not continuously held in custody when he has been at liberty following his arrest and is later arrested and confined. Accordingly, the nine-month, rather than the five-month, speedy trial period applies to appellant's trial.

Similarly, in McCray v. Commonwealth, 44 Va. App. 334, 605 S.E.2d 291 (2004), the accused was released after his initial arrest. "Because of this release, he was not held continuously in custody. Thus, the five-month limit of the statute ceased to apply, and the nine-month limitation came into play." Id. at 345, 605 S.E.2d at 296.

As in Robbs and McCray, appellant, in this case, was not held continuously in custody from the date when the speedy trial clock began to run on his initial arrest on the indictments.

Appellant was released on bond and was not thereafter held in custody until he was again arrested on the capias following his failure to appear for the March 21, 2013 hearing. Thus, the trial court correctly determined that the nine-month period applied. After accounting for those periods of delay appellant argues were attributable to the Commonwealth, appellant was brought to trial within nine months of his initial arrest; therefore, his trial was commenced within the time required under Code § 19.2-243.[2]

For the foregoing reasons, the trial court correctly applied the nine-month speedy trial period. And because no argument was made that the nine-month period had been violated, the trial court correctly found no violation of appellant's statutory speedy trial rights when his trial commenced.

Accordingly, we conclude that the trial court's denial of appellant's motion to dismiss was not reversible error and affirm his convictions.

<u>Affirmed</u>.

---

[2] Appellant has not argued, before either the trial court or this Court, that any continuances that occurred between the date of his original arrest and the date of his re-arrest on the capias were attributable solely to the Commonwealth. Thus, he has waived any argument to the contrary, and we assume for purposes of this opinion that those continuances were granted for reasons that would toll the speedy trial clock.