COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia


DAVID GENE THORSTED

                                              MEMORANDUM OPINION[*] BY
v.      Record No. 1039-15-2              JUDGE MARY GRACE O'BRIEN
                                              JULY 12, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

        Kevin E. Smith for appellant.

        Christopher P. Schandevel, Assistant Attorney General (Mark R.
        Herring, Attorney General, on brief), for appellee.


        Following a jury trial, David Gene Thorsted ("appellant") was convicted of three offenses:

manufacturing methamphetamine, in violation of Code § 18.2-248; possession of a controlled

substance, in violation of Code § 18.2-250; and possession of a firearm while manufacturing

methamphetamine, in violation of Code § 18.2-308.4.  Appellant asserts that the trial court erred in

failing to dismiss the convictions because his right to a speedy trial was violated.  Finding no error,

we affirm.

        On September 30, 2013, police officers went to appellant's property to evict him.  While

there, the officers discovered a locked camper trailer.  When an officer asked appellant for the keys

to the camper, appellant advised him that he was going to move it.  The officer could see guns

inside the camper, and he noticed a "very violent, noxious chemical smell" emanating from behind

the camper.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The officers broke into the camper and found guns, a "chemical-type mask," and a plate with "a white chunky substance on" it. In a closet, an officer found a "working meth lab." Appellant was arrested and charged with manufacturing methamphetamine, possession of a controlled substance, and possession of a firearm while manufacturing a controlled substance.

Appellant asserts two assignments of error:

1. The trial court erred when it denied Appellant's motion to dismiss for violating the speedy trial statute when it calculated time delays waiting for trial to commence attributed to Appellant.

2. The trial court erred when it denied Appellant's motion to dismiss for violating the speedy trial statute when it determined that Appellant caused the delays in getting his case to trial.

I. Procedural History

Following his arrest, appellant waived his preliminary hearing in general district court and the grand jury returned an indictment against him on November 25, 2013. Appellant was released on bond, and the circuit court set a trial date of April 3, 2014.

Prior to that date, appellant filed a motion to suppress and the suppression motion was heard and denied on April 3. On that date, the parties reset the matter for trial and after some discussion off the record, appellant's counsel told the court "[w]e are going to waive speedy trial to whatever date the Commonwealth wants to set, Your Honor." After the court asked appellant whether he understood his speedy trial rights and verified that appellant wished to waive those rights, the court set a trial for July 17 and 18, 2014.

On June 30, 2014, appellant filed a "Motion for Scientific Investigation by the Department of Forensic Science and for a Continuance." The court held a hearing on appellant's request on July 17, granted the motion for scientific discovery, and granted a defense motion for supplemental discovery. The court set a review date of August 21, 2014. On that date, the court entered the order for forensic analysis and continued the case for review on September 29, 2014.

At the September 29 hearing date, the court informed appellant that his attorney had left the practice of law, so the court would need to appoint another lawyer if he wished to be represented by counsel. Appellant indicated that he wanted an attorney, so the court appointed new counsel and continued the case for review on October 2, 2014.

On October 2, appellant's new attorney moved to withdraw the request for forensic testing and asked to set the case for trial. When the court suggested some possible dates, appellant's attorney asked if they were the earliest dates available. After further discussion, appellant's attorney said "[i]f that's the earliest dates, then we can just go ahead and set it for that." The court set the trial for January 22 and 23, 2015. On January 21, appellant filed a motion to dismiss the case based on a violation of his right to a speedy trial.

On January 22, 2015, the court advised counsel that it would wait to rule on appellant's motion until the conclusion of the trial. The jury convicted appellant of all three charges, and the court set the case for sentencing and a hearing on the motion to dismiss. On April 23, 2015, the court denied the motion to dismiss and imposed the jury's sentence of twelve years of incarceration. This appeal followed.

## II. Analysis

### A. Statutory Background

Code § 19.2-243 provides:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, . . . if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.
>
> If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods,

respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.

In this case, the speedy trial provisions of Code § 19.2-243 began to run on November 25, 2013, the day after the grand jury returned an indictment against appellant.[1] Appellant acknowledges that the nine-month speedy trial time period applies because he was released on bond for a period of time while he was awaiting trial.[2]

## B. Standard of Review

"[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth." Robinson v. Commonwealth, 28 Va. App. 148, 153, 502 S.E.2d 704, 706 (1998). "In its review, this Court will give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo.*'" Brown v. Commonwealth, 57 Va. App. 381, 390, 702 S.E.2d 582, 586 (2010) (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)).

> The appellate inquiry is not made merely to determine in a vacuum delay attributable to one party or the other and then to debit or credit the appropriate party for that delay. The inquiry is made to determine that delay which caused the failure to commence the trial within the specified period and which is not contemplated within the statutory time limitations. Accordingly, the proper assessment and determination of the merits of a Code § 19.2-243 claim involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before us.

Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 894-95 (1993) (*en banc*).

---

[1] See Code § 1-210(A) ("When an act of the General Assembly or rule of court requires that an act be performed within a prescribed amount of time after any event or judgment, the day on which the event or judgment occurred shall not be counted against the time allowed."). See also Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998) (the speedy trial period "begins to run on the day after the preliminary hearing at which probable cause is found.").

[2] Appellant's bond was revoked and reinstated at various times after indictment and before trial.

C. Analysis

Appellant argues that the trial date of January 22, 2015 was nine days beyond the 274 days allowed by statute.[3] He acknowledges that the original trial date of April 3, 2014 was within the speedy trial provisions and concedes that both the continuances from April until July and July until October were attributable to motions he filed for forensic testing. However, appellant asserts that his speedy trial rights were violated because the continuance between October 2, 2014 and January 22, 2015 was not a delay attributable to him despite his failure to object to the court setting the January 22 trial date at the October hearing. Appellant contends that he had "no requirement to object in setting a trial date if the date is beyond the speedy trial cutoff." In support of his proposition he cites a number of cases, all of which were decided before 1995.

Code § 19.2-243, the speedy trial statute, sets out a number of exceptions. In 1995, the General Assembly amended one of the exceptions, Code § 19.2-243(4). In the amendment, the General Assembly inserted the following italicized language:

> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused: . . .

> 4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, *or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance.*

Code § 19.2-243.

Appellant argues that the amended statute only grants an exception when the *Commonwealth* moves for a continuance and the defendant fails to object. The Supreme Court of Virginia addressed this precise issue in the case of Commonwealth v. Hutchins, 260 Va. 293, 533

___

[3] The nine-month speedy trial limitation "'translates to' at least 273 days." McCray v. Commonwealth, 44 Va. App. 334, 342, 605 S.E.2d 291, 294 (2004).

- 5 -

S.E.2d 622 (2000). In Hutchins, the defendant, who was incarcerated, was indicted on two felony offenses on February 10, 1997. Id. at 295, 533 S.E.2d at 623. On February 25, 1997, the circuit court set a trial date of June 6, 1997. Id. In acquiescing to the trial date, defense counsel said "that's fine," and the defendant and his counsel signed a form requesting a jury trial which stated that the trial was set for June 6, 1997. Id.

Defendant subsequently filed a motion to dismiss the charges on grounds of a speedy trial violation. Id. He contended that he did not waive his speedy trial rights by remaining silent and failing to request that the trial court set the case within the five-month provision of the statute. Id. The Supreme Court affirmed the trial court's denial of the motion to dismiss, holding: "we can only conclude that the defendant's actions in acquiescing with and agreeing to the order dated February 25, 1997, signed by the defendant and his counsel . . . constituted a continuance of the trial date within the intendment of Code § 19.2-243(4)." Id. at 297-98, 533 S.E.2d at 625. The Court noted that not only did the defendant not object to the court setting the trial date, but he affirmatively agreed to it, thereby stopping the speedy trial "clock" until the trial date. Id. See also Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001) ("failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)").

In interpreting the speedy trial provisions of Code § 19.2-243(4), this Court has held that "acquiescence in the entry of any order that continues a case – whether at the request of the Commonwealth *or on the court's own motion* – even where the new date is within the speedy trial limit, effectively tolls the running of the speedy trial statute." Howard v. Commonwealth, 55 Va. App. 417, 424, 686 S.E.2d 537, 541 (2009).

In the present case, the "continuance order" setting the final trial date was entered at the hearing on October 2, 2014. During the colloquy with the court about the January dates, neither

- 6 -

counsel objected to the date the court set and defense counsel stated "[i]f that's the earliest dates, then we can just go ahead and set it for that." Therefore, the record is clear that both appellant and the Commonwealth agreed to continue the case from October 2, 2014 to January 22, 2015, and the speedy trial provisions of Code § 19.2-243 were tolled during that time.[4] Accordingly, because speedy trial was tolled from October 2 until the trial date, appellant was tried within the nine-month speedy trial period.

### III. Conclusion

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

---

[4] Because we find that appellant did not object to the setting of the trial date beyond the speedy trial time period, we do not address his remaining argument that he was not responsible for delays that occurred due to the order for forensic testing.