# COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Callins and Senior Judge Humphreys
Argued by videoconference


COMMONWEALTH OF VIRGINIA

                                                 MEMORANDUM OPINION[*] BY
v.        Record No. 2142-24-3          JUDGE DOMINIQUE A. CALLINS
                                                       MAY 20, 2025

GREGORY L. POOLE, S/K/A
 GREGORY LAMAR POOLE


## FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Richard C. Patterson, Judge

J. Brady Hess, Assistant Attorney General (Jason S. Mirayes,
Attorney General, on briefs), for appellant.

Lamont Delloyd Hamilton (The Hamilton Firm, PLC, on brief), for
appellee.


In this pre-trial appeal, the Commonwealth contends that the circuit court erroneously

granted Poole's motion to dismiss a charge for violating his speedy trial rights under Code

§ 19.2-243.  First, the Commonwealth argues that the circuit court erred in ruling that the

five-month statutory period applied and not the nine-month period.  Second, it contends that the

circuit court erred by failing to find that Poole acquiesced to the trial date in violation of his

speedy trial rights by "agreeing to the trial date and not specifically objecting to said date orally

on the record."  For the following reasons, we reverse the circuit court's judgment.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

In September 2022, a grand jury indicted Poole on four charges: two counts of manufacturing or distributing 28 grams or more of methamphetamine ("CR22-1200" and "CR22-1203"), and two counts of a second or subsequent offense of distributing or possessing with intent to distribute a Schedule I or II drug ("CR22-1201" and "CR22-1202"). Relevant to this appeal is charge CR22-1200, manufacturing or distributing 28 grams or more of methamphetamine in violation of Code § 18.2-248.03.

On October 28, 2022, Poole was arrested on these charges, and the circuit court set a $4,000 secured bond. Thereafter, Poole and the Commonwealth moved jointly to continue the matter ten times between November 7, 2022, and September 26, 2023. Poole posted bond and was released from custody on August 30, 2023. On September 26, 2023, Poole requested a continuance to November 13, 2023, for a plea hearing. Thereafter, and by joint motion, the Commonwealth and Poole moved for several additional continuances that moved the hearing from November 13, 2023, to June 27, 2024.

In the interim, on March 18, 2024, Poole filed a "notice of assertion of rights" in which he asserted his rights to a speedy trial and requested that any continuances be held against the Commonwealth, "unless expressly agreed upon by the Defendant." On May 30, 2024, Poole was arrested for violating his probation related to "other older cases." Poole filed a "notice and motion for bond" requesting a reasonable release bond.

At a June 27, 2024 bond hearing, Poole requested that his bond be reinstated. In response, the Commonwealth contended that Poole's "bond has actually not been revoked as to

---

[1] When the Commonwealth appeals pursuant to Code § 19.2-398, we view the record in the light most favorable to the defendant as the prevailing party below. *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067 (1991). We also "grant [the defendant] all reasonable inferences fairly deducible from that evidence." *Id.*

the [distribution charges] currently pending before the Court." Instead, the Commonwealth asserted that Poole "was picked up" on a probation violation. The Commonwealth requested that the circuit court hold Poole without bond and "further for his benefit to potentially receive credit, I'd ask for his bond on those distributions be revoked as well because as of now he's only being held as to the probation violation."

At this same bond hearing, the Commonwealth noted that she spoke with Poole's counsel, and they identified December 3 and 4, 2024, as the dates for Poole's trial on his distribution offenses (CR22-1200 to -1203). The Commonwealth also indicated that counsel identified October 30, 2024, as the date for a pretrial conference. Poole did not object to the setting of these proceedings.

The circuit court entered a commitment order revoking Poole's bond and listing Poole's violations, including, as is relevant to this appeal, CR22-1200. Upon the Commonwealth's motion, the circuit court also entered a continuance order, scheduling a jury trial for Poole's CR22-1200 violation for December 3 and 4, 2024, and a pretrial conference for October 30, 2024. Poole's counsel noted at the bottom of the order that Poole "d[idn't] waive his speedy trial rights."

During the pretrial conference on October 30, 2024, Poole's counsel argued a "motion to compel election"[2] to permit separate trials for each of Poole's charges. Poole's counsel again acknowledged that the CR22-1200 trial was scheduled for December 3, 2024, and did not object to this date. By joint motion, the circuit court continued CR22-1200 to November 7, 2024, to rule on Poole's "motion to compel election." The circuit court subsequently granted Poole's motion and ordered that the CR22-1200 trial take place on December 3 and 4, 2024.

_____

[2] Although Poole characterizes his motion as a "motion to compel election," it was functionally a motion to sever. The circuit court referred to this as a "motion to sever," even naming it as such in the court's order granting the motion.

On November 26, 2024, Poole moved to dismiss the CR22-1200 indictment, arguing that the charge be dismissed because the five-month statutory speedy trial period of Code § 19.2-243 had run. Poole's motion contended that he had been incarcerated since May 30, 2024, and that he had asserted his right to a speedy trial and objected to dates beyond the five-month period at the hearing held on June 27, 2024. Thus, Poole argued, the charge should be dismissed because at least five months "have, or will have elapsed" since the May 30 and June 27, 2024 dates.

On December 2, 2024, the circuit court held a hearing on Poole's motion to dismiss. In response, the Commonwealth argued that under *McCray v. Commonwealth*, 44 Va. App. 334 (2004), and *Robbs v. Commonwealth*, 252 Va. 433 (1996), the nine-month period of Code § 19.2-243 applied because Poole was not held "continuously in custody" when he was released on bond. Thus, according to the Commonwealth, Poole's trial was set "well within the nine[-]month period." The circuit court granted Poole's motion. The Commonwealth subsequently accused Poole of "intentionally pick[ing] [a trial date] outside of speed[y] trial," and contended that any speedy trial violation was not "a fault of the Commonwealth."

The circuit court memorialized its ruling by order entered December 17, 2024, granting Poole's motion to dismiss charge CR22-1200 and finding that Poole "only invoked his speedy trial rights on that one case." The circuit court determined that Poole was held continuously for more than five months, from June 27, 2024, to the date of the hearing on Poole's motion, December 2, 2024. The circuit court also found that:

> [Poole] had previously received a bond on the new charges such
> that his incarceration and revocation of his bond on June 27, 2024,
> was a "second confinement" after his initial arrest on the new
> charges.

The Commonwealth appeals.

- 4 -

ANALYSIS

"[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth." *Farewell v. Commonwealth*, 62 Va. App. 428, 434 (2013) (alteration in original) (quoting *Brown v. Commonwealth*, 57 Va. App. 381, 389 (2010)). "Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court['s] orders in the context of the record that comes before' the court." *Id.* (quoting *Brown*, 57 Va. App. at 389-90). "[A] statutory speedy trial challenge presents a mixed question of law and fact," *Ali v. Commonwealth*, 75 Va. App. 16, 29 (2022) (alteration in original) (quoting *Young v. Commonwealth*, 297 Va. 443, 450 (2019)), and so we "give deference to the trial court's findings of fact, but [we] review the trial court's 'statutory interpretations and legal conclusions *de novo*,'" *Farewell*, 62 Va. App. at 434 (quoting *Brown*, 57 Va. App. at 390).

The Commonwealth first contends that the circuit court erred in granting Poole's motion to dismiss because, under Code § 19.2-243, the nine-month—and not the five-month—speedy trial period applied since Poole was not "held *continuously* in custody." Accordingly, the Commonwealth argues that Poole's scheduled trial dates of December 3 and 4, 2024, were within the statutory nine-month speedy trial period following Poole's initial arrest date. We agree.

"The defendant's right to a speedy trial is one accorded him under the sixth amendment of the United States Constitution and under article I, section 8 of the Virginia Constitution." *Baity v. Commonwealth*, 16 Va. App. 497, 502 (1993) (quoting *Stephens v. Commonwealth*, 225 Va. 224, 229 (1983)). "This right has been supplemented by Code §§ 19.2-241 and 19.2-243, held to be a legislative interpretation of what constitutes a speedy trial." *Id.* (quoting *Stephens*, 225 Va. at 229-30).

Code § 19.2-243 states, in relevant part:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is *held continuously in custody* thereafter, shall be forever discharged from prosecution for such offense *if no trial is commenced in the circuit court within five months* from the date such probable cause was found by the district court; and if the accused is *not held in custody* but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor *if no trial is commenced in the circuit court within nine months* from the date such probable cause was found.

(Emphases added). If "an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein," then the five and nine-month periods run from the date of the accused's arrest. *Id.* The five-month period translates to "152 and a fraction days." *Osman v. Commonwealth*, 76 Va. App. 613, 657 (2023) (quoting *Ballance v. Commonwealth*, 21 Va. App. 1, 6 (1995)). The nine-month period, however, "'translates to' at least 273 days." *McCray*, 44 Va. App. at 342 (quoting *Ballance*, 21 Va. App. at 6).

Code § 19.2-243 provides that certain events toll the statutory speedy trial period, including when delay is caused:

> By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth.

Code § 19.2-243(4). Indeed, "[w]hen a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the . . . speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order." *Heath v. Commonwealth*, 261 Va. 389, 393 (2001).

Here, Poole was indicted in September 2022, but he was not arrested until October 28, 2022. Thus, Poole's statutory speedy trial period began on October 28, 2022. *See* Code

§ 19.2-243. After various joint motions to continue, Poole posted bond and was released from incarceration on August 30, 2023. Eight months later, on May 30, 2024, Poole was arrested on a probation violation. Accordingly, on June 27, 2024, the circuit court revoked Poole's bond.

It is well established that "[i]f an accused is not held *continuously* in custody, the nine-month period [of Code § 19.2-243] applies." *McCray*, 44 Va. App. at 342; *see Robbs*, 252 Va. at 436 ("Here, the five-month limitation would apply only if Robbs had been 'continuously in custody.'"); *see also Weberg v. Commonwealth*, No. 1327-14-4, slip op. at 5 (Va. Ct. App. Dec. 15, 2015) ("*Robbs* stands for the proposition that when an accused has been released following his arrest, he is not continuously held in custody when he has been at liberty following his arrest and is later arrested and confined.").[3] Because Code § 19.2-243 is clear and unambiguous, "we apply the words as written." *Robbs*, 252 Va. at 436. Continuously means continuously—without interruption or break. And Poole was not held continuously—that is, without interruption or break—following his initial arrest because he was released on bond. Therefore, the nine-month speedy trial period of Code § 19.2-243 applies to Poole's charge CR22-1200.

The circuit court and Poole misconstrue *Robbs v. Commonwealth*. In *Robbs*, the appellant was indicted on a charge of grand larceny. 252 Va. at 435. Thereafter, the Commonwealth moved to release Robbs on a recognizance bond returnable on the scheduled trial date. *Id.* When Robbs failed to appear on the trial date, the court issued a capias for his arrest; Robbs was later arrested and confined until trial. *Id.* Prior to trial, Robbs moved to

---

[3] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 572 n.7 (2018) (quoting *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012)); *see also* Rule 5A:1(f).

dismiss his charge on the grounds that he had been held in custody for more than five months in violation of his speedy trial rights under Code § 19.2-243. *Id.*

Our Supreme Court noted that "the five-month limitation would apply only if Robbs had been 'continuously in custody,'" but then determined that Robbs "had *not* been in continuous custody since his second arrest began a separate confinement." *Id.* at 436 (emphasis added). Consequently, the Supreme Court held that the nine-month statutory speedy trial period applied. *Id.* In other words, Robbs's "second confinement" indicated a period of interrupted confinement which, under Code § 19.2-243, triggered the nine-month period and not the five-month period. *Id.* Similarly, Poole experienced a "second confinement" when he was rearrested on May 30, 2024, and the circuit court then revoked his bond. Poole, however, latches onto the Supreme Court's use of the phrase "second confinement" to argue that the five-month speedy trial period applied. Poole's reliance, and that of the circuit court, is misplaced.

Because the nine-month speedy trial period applies, the Commonwealth, excluding all tolling periods, had "at least" 273 days to bring Poole to trial for charge CR22-1200. *McCray*, 44 Va. App. at 342. Poole's nine-month speedy trial period began on October 28, 2022, with his initial arrest. *See* Code § 19.2-243. Beginning 10 days later, on November 7, 2022, Poole and the Commonwealth jointly moved to continue 10 times, thereby tolling Poole's speedy trial clock from November 7, 2022, to September 26, 2023. Code § 19.2-243(4). During this period, on August 30, 2023, Poole posted bond and was released from custody. After his release, Poole requested another continuance on September 26, 2023, for his plea to be heard on November 13, 2023. Thus, Poole's speedy trial clock remained tolled from September 26, 2023, to November 13, 2023. *Id.* Thereafter, Poole and the Commonwealth made three additional motions to

- 8 -

continue Poole's case from November 13, 2023, to June 27, 2024.[4] Poole's speedy trial clock remained tolled during this time. *Id.*

During this tolling period, Poole was arrested on May 30, 2024, for a probation violation. Following the bond hearing on June 27, 2024, the circuit court revoked Poole's bond for charge CR22-1200. Thus, Poole's speedy trial clock began again when his bond was revoked on June 27, 2024. Poole's speedy trial clock continued from June 27, 2024, until his scheduled trial date of December 3, 2024, which, during this timeframe, 159 days passed. Adding the 159 days to the 10 days following Poole's initial arrest on October 28, 2022, 169 days elapsed for purposes of Poole's nine-month speedy trial period. Hence, the circuit court erred in granting Poole's motion to dismiss charge CR22-1200 for a violation of Code § 19.2-243 when 273 days had not yet passed.[5]

CONCLUSION

For the foregoing reasons, we reverse the circuit court's judgment.

*Reversed.*

---

[4] In her reply brief, the Commonwealth contends that Poole's agreement to the continuance order entered March 18, 2024 "nullified" his "notice of assertion of rights" entered on that same day. We find that the joint continuance did not "nullify" Poole's notice of assertion of rights per se, but rather Poole's notice *contemplated* the tolling of the statutory speedy trial in such circumstances. Indeed, Poole's notice states that he requests "any continuances and delays . . . be held against the Commonwealth, *unless expressly agreed upon by the Defendant*." (Emphasis added). Because Poole agreed to the continuance, his speedy trial clock was tolled for the relevant time period. Code § 19.2-243(4); *see also Heath*, 261 Va. at 393.

[5] The doctrine of judicial restraint obligates us to decide cases "on the best and narrowest grounds." *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). Therefore, we do not address the Commonwealth's second assignment of error contending that Poole "acquiesced to the setting of the trial date." By extension, we also do not address Poole's contention that the Commonwealth's second assignment of error is unpreserved under Rule 5A:18.